BERANEK, Judge.
The plaintiffs, Greater Palm Beach Symphony and Ethel Stone, appeal an order dismissing, with prejudice, all counts in their complaint against American Motorists Insurance Company. We affirm in part and reverse in part.
The plaintiffs initially sued Barbara and Frederick Hughes. The complaint was amended several times and in the fourth amended complaint the plaintiffs sued the Hughes and three different insurance companies alleging, among other things, libel and slander. The plaintiffs’ complaint was in the alternative; two counts alleged libel and slander with no specific intent, and two counts alleged the acts were committed •with malicious intent. Eventually, the *1172 court dismissed these counts: III, IV, V, and VI as against American Motorists Insurance Company, finding that no coverage existed under its policy.
The insurance policy in question is a personal catastrophe liability policy. It expressly provides coverage for libel and slander. However, it excludes coverage for “an act committed or directed by a covered person with intent to cause personal injury or property damage.”
The trial court determined that all the counts in the plaintiffs’ complaint were libel per se. Because the law governing libel per se presumes that the statements were made with malicious intent, the court concluded the policy’s intentional tort exclusion negated coverage. The court thus dismissed the complaint against the carrier with prejudice. We reject this reasoning.
In Employers Commercial Union Insurance Company v. Kottmeier, 323 So.2d 605 (Fla. 2d DCA 1975), a physician was sued by an anesthesiologist for slander. The physician’s insurance policy specifically provided coverage for libel and slander except if published maliciously. The trial court found that the policy provided coverage for the alleged slander. The Second District Court of Appeal affirmed and held that a slanderous statement was covered by the policy unless the statement was made with a specific intent to harm which is equivalent to actual malice. In reaching this conclusion, the court followed the rule that even though an act which causes injury was intentionally done, liability coverage will not be excluded under an intentional injury exclusion clause unless the insured acted with specific intent to cause injury. Phoenix Insurance Company v. Helton, 298 So.2d 177 (Fla. 1st DCA 1974); Cloud v. Shelby Mutual Insurance Company, 248 So.2d 217 (Fla. 3d DCA 1971).
The same issue was considered in Federal Insurance Company v. Applestein, 377 So.2d 229 (Fla. 3d DCA 1979), cert. denied, 389 So.2d 1107 (Fla.1980). Federal Insurance appealed a final summary judgment which determined it was required to defend and provide coverage for certain aspects of an-action for slander brought against its alleged insured. The insurance policy was similar to the policy in this case in that it specifically provided coverage for libel, slander, and defamation but expressly excluded coverage for any intentional acts committed by the insured. The complaint alleged that all acts were done with malice. On appeal, the third district court found coverage was negated by the allegations of the complaint and reversed the summary judgment against the carrier. However, in a later appeal in the same case, Mackin v. Applestein, 404 So.2d 789 (Fla. 3d DCA 1981), the court implied that had the plaintiff pled alternatively, a cause of action within the coverage may have been stated in those counts where “malicious intent” was not alleged. This statement is consistent with the Kottmeier decision.
In the instant case, two counts (IV and VI) contain the actual allegation that the slander and libel were committed with malicious intent. Counts III and V do not contain that allegation. Therefore, we hold that the trial court erred in granting the motion to dismiss Counts III and V since it prematurely decided that, as presented in the complaint, all the statements were made with such a malicious intent as to negate coverage. On the contrary, the only issue that should have been resolved at this point was whether or not the complaint stated a cause of action which was within the scope of the liability coverage. Employers Commercial Union Insurance Company v. Kottmeier, supra. In accordance with the Kottmeier rationale we hold that coverage will only be negated by actual malice which will require a showing of specific intent to harm. Further actual malice or specific intent to harm are factual matters which should not have been decided on motion to dismiss. We affirm the dismissal of Counts IV and VI and reverse as to Counts III and V. Further, American Motorists Insurance Company has a duty to defend under the same theory enunciated in Employers Commercial Union Insurance Company v. Kottmeier, supra.
*1173 AFFIRMED IN PART; REVERSED IN PART, and REMANDED FOR FURTHER PROCEEDINGS.
DOWNEY and HERSEY, JJ., concur.