486 So.2d 701 (1986)
Donald LEEK and Jane Leek, Appellants,
v.
RELIANCE Insurance Company, Standard Fire Insurance Company, and Richard S. Bernstein, Appellees.
No. 85-354.
District Court of Appeal of Florida, Fourth District.
April 16, 1986.
*702 Kocha & Houston, P.A., and Phillip M. Burlington, of Edna L. Caruso, P.A., West Palm Beach, for appellants.
Arthur G. Wroble, of Wolf, Block, Schorr & Solis-Cohen, West Palm Beach, for appellee  Reliance Ins. Co.
Kathryn M. Beamer, of Schuler & Wilkerson, P.A., West Palm Beach, for appellee  Standard Fire Ins. Co.
GLICKSTEIN, Judge.
Donald and Jane Leek, defendants/third party plaintiffs, appeal the trial court's entry of summary final judgment in favor of third party defendants, Standard Fire Insurance Co. and Reliance Insurance Co. While the trial court's order did not explain the bases for its entry, we affirm for the reasons expressed herein.
The facts are not in dispute. During the winter months, the Leeks live next to a vacant lot owned by the plaintiff, Richard Bernstein, whose lot contained a number of Australian pine trees. The Leeks experienced problems due to large amounts of needles from the trees falling on their property. In 1982, they discussed the situation with Bernstein on two occasions; and he assured them that he would take care of the problem. However, nothing was done and the Leeks were subsequently unable to contact him. In May 1983, without further communication with Bernstein, the Leeks hired Schmidt Tree Service to top off the trees near their property line. Bernstein subsequently sued the Leeks for damages in connection with their unauthorized cutting of his trees. The amended complaint alleges in pertinent part:
5. On or about the 29th day of April, 1983, the 2nd day of May, 1983, and the 3rd day of May, 1983, the Defendants did trespass and/or wrongfully enter the real property of the Plaintiff and did cause to have cut, mutilated and severed from the realty of the Plaintiff a large number of trees, without authority or knowledge of the Plaintiff.
6. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff's use of his property has been disturbed and the value of the land has been diminished and/or destroyed.
7. The Defendants did commit the described acts, entry upon and damage to the described property unlawfully and willfully, without regard to the property rights of the Plaintiff, and with full knowledge, actual and constructive, that they had no right to do so, and committed the described acts of trespass, waste and damage with a conscious disregard of the Plaintiff's rights thereby justifying the imposition of punitive damages.
The parties appropriately agree that the allegations of the complaint alone determine whether there is coverage under the two insurance policies. National Union *703 Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla. 1977); Greater Palm Beach Symphony Ass'n v. Hughes, 441 So.2d 1171 (Fla. 4th DCA 1983); Commercial Union Ins. Co. v. R.H. Barto Co., 440 So.2d 383 (Fla. 4th DCA 1983), rev. denied, 451 So.2d 850 (Fla. 1984). Further, there is a presumption of correctness in the trial court's interpretation of a contract; and its decision should be affirmed unless this court is convinced that the interpretation is clearly erroneous. See Clark v. Clark, 79 So.2d 426 (Fla. 1955).
After being sued by Mr. Bernstein, the Leeks filed a third party complaint against their homeowners insurance carrier, Standard, and their personal excess liability carrier, Reliance, seeking declaratory relief and indemnity. The Leeks and both insurers later moved for summary judgment. Appellants' position is that they are covered under the liability provisions of both policies because (a) the complaint against them alleges wrongful entry; (b) the complaint does not allege actual malice; and (c) both policies specifically state that they include coverage for wrongful entry. Both insurers primarily contend the Leeks' acts are not covered by their policies because the original plaintiff's claim is for damage to his property, not for personal injury; and because the damage was caused intentionally.
While they reach the same conclusion, each insurer has individual reasons for arriving there. Standard points out its express exclusion for damage to the property of others by an intentional act of an insured in Section II, subsection 3, the policy's applicable provisions being the following:
DEFINITIONS
1. "bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom.
... .
6. "property damage" means physical injury to or destruction of tangible property, including loss of use of this property.
SECTION II  ADDITIONAL COVERAGES
3. Damage to Property of Others. We will pay up to $250 per occurrence for property damage to property of others caused by any insured.
We will not pay for property damage:
b. caused intentionally by any insured who is 13 years of age or older;
SECTION II  EXCLUSIONS
1. Coverage E  Personal Liability and Coverage F  Medical Payments to Others do not apply to bodily injury or property damage:
a. which is expected or intended by the insured;
PERSONAL INJURY COVERAGE
Under Coverage E, Personal Liability, the definition of bodily injury is amended to include personal injury. Personal injury means injury arising out of one or more of the following offenses:
A. false arrest, detention or imprisonment, or malicious prosecution;
B. libel, slander or defamation of character; or
C. invasion of privacy, wrongful eviction or wrongful entry.
Section II Exclusions do not apply to this coverage. This coverage does not apply to:
B. Injury caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of any insured.
3. ADDITIONAL COVERAGES
The limit of our liability under Additional Coverage 3, "Damage to Property of Others," is increased to $500.
Reliance relies upon the following provisions of its policy:
1. Your policy covers ONLY when injury or damage occurs by accident.
[Definitions]
1. Injury means bodily or mental harm to others caused by an accident. It also means libel, slander, false arrest, false detention, wrongful eviction or *704 entry, malicious prosecution, humiliation, invasion of privacy or defamation of character. The idea is that injury can occur, not only to a person's body, but also to his feelings, reputation or character.
2. Damage means direct physical damage to tangible property; also loss of use of a damaged item.
It contends that the Leeks' conduct was not an accident; and that nothing in the policy, expressly or by implication, would permit a reasonable inference that property damage  as opposed to personal injury  is insured for any act other than an accident.
In our view, given the language of both policies, the original plaintiff's claim here for property damage distinguishes the present case from Greater Palm Beach Symphony Association, Inc. v. Hughes, 441 So.2d 1171 (Fla. 4th DCA 1983), which involved an action for "personal injury", i.e., injury to the person, arising out of libel and slander. This court was there concerned with a specifically insured injury, occasioned by libel and slander, not damage to property, and reversed, holding that the complaint should not have been dismissed. We held that the complaint against the insureds did not allege the libel and slander was done with actual malice, i.e., specific intent to harm. Had this been an action for injury arising out of an insured tortious act; namely, wrongful entry, we would have also been compelled to reverse here, as there is no allegation here of specific intent to harm.
But it is not a claim for personal injury, raising echoes of the old saw that if my aunt were a man, she would be my uncle. Nowhere in the Standard policy is there any language, with respect to damage to the property of others, which would neutralize the specific exclusion for intentional acts of the insured which occasion damage to others' property. Similarly, the Reliance policy insures against injury; and as its counsel argues in his brief:
"Simply put, one cannot `injure' property any more than one can `damage' a person."
Stated another way by Standard's counsel at oral argument, personal injury is injury to a person.
DOWNEY and GUNTHER, JJ., concur.