589 So.2d 1196 (1991)
SAM Z. SCANDALIATO & ASSOCIATES, INC., et al.
v.
FIRST EASTERN BANK & TRUST COMPANY, et al.
No. 91-CA-0179.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1991.
J. Guy Romano, Law Office of Charles R. Capdeville, Metairie, for defendants-appellees.
Michael E. Wanek, Hulse, Nelson & Wanek, New Orleans, for plaintiffs-appellants.
Before KLEES, BYRNES and PLOTKIN, JJ.
BYRNES, Judge.
Plaintiffs Sam C. Scandaliato and Sam C. Scandaliato, Inc. (collectively Scandaliato) appeal a summary judgment rejecting insurance coverage and dismissing Continental Insurance Company (Continental) from the proceeding. We affirm in part and remand.
This lawsuit arises from an underlying lawsuit commenced in 1984 brought by First Eastern Bank and Trust Company (First Eastern) against Scandaliato for engineering malpractice, alleging the failure to design and construct portions of the bank's new offices, as well as fraudulent, malicious and intentional overcharge of First Eastern. After a trial in 1987, the trial court ruled in favor of Scandaliato.
Scandaliato filed the present lawsuit on May 18, 1988, against First Eastern, its employers, agents and directors (collectively First Eastern) for negligence, malicious *1197 prosecution, libel and slander. Scandaliato pursued the petition against the individual participants, the bank, the bank president, their attorney, the Board members and their insurers, including Continental Insurance. After a hearing the trial court granted summary judgment to Continental on November 20, 1990.
Scandaliato appeals that judgment claiming that:
(1) the trial court failed to take into account that separate and distinct libelous and slanderous acts are alleged during the years when Continental provided insurance coverage from 1985 through 1988;
(2) the trial court did not consider that libel and slander may be implied and do not require specific intent;
(3) an issue of material fact exists concerning the specific intent or state of mind of a party who commits a libelous statement, and
(4) the trial court failed to address the issues of causes of action based on malicious prosecution and negligence.
Scandaliato asserts that the trial court granted Continental its motion for summary judgment based on the policy exclusions dealing with libel and slander. Scandaliato contends that the insurance policy covered libel and slander which were published or uttered without actual malice.
Subsection II(B) of the Continental insurance policy in effect in 1985-1986, 1986-1987, and 1987-1988 provides in pertinent part:
(B) This insurance policy does not apply:
* * * * * *
(4) to personal injury or advertising injury arising out of libel or slander or the publication or utterance of defamatory or disparaging material concerning any person or organization or goods, products or services, or in violation of an individual's right of privacy, made by or at the direction of the insured with knowledge of the falsity thereof; [Emphasis added.]
Scandaliato claims that "whether the party acted with the knowledge of the falsity thereof" is an issue of material fact not susceptible to summary judgment. Greater Palm Beach Symphony Ass'n., Inc. v. Hughes, 441 So.2d 1171 (Fla. 4 Dist.1983); Breland v. Schilling, 550 So.2d 609 (La. 1989). Scandaliato notes that actual malice and the concept of an intentional act are synonyms for "knowledge of the falsity thereof." Scandaliato states that the allegations of his petition do not allege an intentional act. However, Paragraph XIII of Scandaliato's petition states a claim of defamation as follows:
Defendants have defamed Scandaliato not only in the allegations dealing with negligence in inspection and design of the bank building, but also in the allegations of fraud, which in this case, accused Scandaliato of wrong doing and therefore are defamatory per se. The allegations in the pleadings [of First Eastern's original petition] in statements made in depositions and other communications, show that it harmed Scandaliato's reputation. The allegations set forth by the defendants were made with malice and without probable cause. [Emphasis added.]
According to BLACK'S LAW DICTIONARY 417 (6th ed. 1990), "defamation" is defined in part as follows:
An intentional false communication, either published or publicly spoken, that injures another's reputation or good name. Holding up of a person to ridicule, scorn or contempt in a respectable and considerable part of the community; may be criminal as well as civil. Includes both libel and slander....
To maintain an action for defamation, plaintiff must prove by a preponderance of the evidence defamatory words, publication, falsity, malice, actual or implied, and resulting injury. Brannon v. Wyeth Laboratories, Inc., 526 So.2d 1101, 1105 (La. 1988); Davis v. Southern Sav. Ass'n, 557 So.2d 1011 (La.App. 4th Cir.1990). In Bush v. Fidelity & Deposit Co. of Maryland, 516 So.2d 1199 (La.App. 2nd Cir.1987), the case was remanded to allow plaintiff to amend his petition when the appellate court found no cause of action where the plaintiff failed to allege or imply malice in his pleadings.
*1198 "Malice" is defined in BLACK's LAW DICTIONARY 956 (6th ed. 1990) in part as follows:
The intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent. A condition of mind which prompts a person to do a wrongful act willfully, that is, on purpose, to the injury of another, or to do intentionally a wrongful act toward another without justification or excuse. A conscious violation of the law (or the prompting of the mind to commit it) which operates to the prejudice of another person ...
* * * * * *
In libel and slander, as to privileged communications, "malice" involves an evil intent or motive arising from spite or ill will; personal hatred or ill will; or culpable recklessness or a willful and wanton disregard of the of the rights and interests of the person defamed. In a libel case it consists in intentionally publishing, without justifiable cause, any written or printed matter which is injurious to the character of another.... Malice may be defined, insofar as defamation is concerned, as acting in bad faith and with knowledge of falsity of statements.... [Emphasis added.]
Malice is an essential element in an action for defamation. Scandaliato alleged malice in his pleadings. Continental's insurance policy excludes coverage of injury arising out of libel or slander done by the insured with knowledge of the falsity thereof, i.e., intentionally with malice. We find that the insurance policy excluded coverage for defamation, which requires an intentional act.
Additionally, Scandaliato argues that the libelous and scandalous acts were continuous over a number of years and were covered by Continental's insurance policies in effect in 1986, 1987 and 1988. Each policy provided in pertinent part:
B. This insurance does not apply:
(3) to personal injury or advertising injury arising out of a publication or utterance of a libel or slander, or a publication or utterance in violation of an individual's right of privacy. If the first injurious publication or utterance of the same or similar material by or on behalf of the named insured was made prior to the effective date of this insurance; [Emphasis added.]
The original suit which First Eastern brought against Scandaliato was filed in 1984 prior to inception of Continental's initial insurance policy on July 25, 1985. Because the first alleged injurious publication or utterance was made prior to the effective date of insurance, the policies did not provide coverage.
Scandaliato also contends that the trial court failed to address all the issues of causes of action asserted. In its reasons for judgment, the trial court stated that it found that, "the motion for summary judgment was based on a policy exclusion of actions for libel and slander." The trial court did not address the issues of coverage regarding negligence and malicious prosecution when it dismissed Continental from the action.
Accordingly, we affirm the judgment on Continental's motion for summary judgment dismissing the cause of action based on defamation. This case is remanded for the trial court to rule on Continental's motion for summary judgment on the issues of causes of action based on malicious prosecution and negligence.
AFFIRMED IN PART AND REMANDED.