629 So.2d 1347 (1993)
SAM Z. SCANDALIATO AND ASSOCIATES, INC., et al.
v.
FIRST EASTERN BANK & TRUST COMPANY, et al.
No. 93-CA-0907.
Court of Appeal of Louisiana, Fourth Circuit.
December 16, 1993.
*1348 Michael E. Wanek, Hulse, Nelson & Wanek, New Orleans, for plaintiff/appellant.
J. Guy Romano, Metairie, for defendants/appellees.
Before BARRY, ARMSTRONG and JONES, JJ.
JONES, Judge.
Plaintiffs, Sam Scandaliato and Sam Scandaliato, Inc., "Scandaliato", appeal the trial court's granting of summary judgment finding defendant, Continental Insurance Company, did not provide insurance coverage for Scandaliato's causes of action in malicious prosecution and general negligence. We reverse and remand this matter for a trial on the merits.
In 1991, this court entertained an appeal of this matter subsequent to the trial court's granting of summary judgment on the issue of defamation. We adopt the findings of fact as found by this court in the previous appeal and reproduce them herein.
This lawsuit arises from an underlying lawsuit commenced in 1984 brought by First Eastern Bank and Trust Company (First Eastern) against Scandaliato for engineering malpractice, alleging the failure to design and construct portions of the bank's new offices, as well as fraudulent, malicious and intentional overcharge of First Eastern. After a trial in 1987, the trial court ruled in favor of Scandaliato.
Scandaliato filed the present lawsuit on May 18, 1988, against First Eastern, its employers, agents and directors (collectively First Eastern) for negligence, malicious prosecution, libel and slander. Scandaliato pursued the petition against the individual participants, the bank, the bank president, their attorney, the Board members and their insurers, including Continental Insurance. After a hearing the trial court granted summary judgment to Continental on November 20, 1990.
Sam Z. Scandaliato v. First Eastern Bank, 589 So.2d 1196 (La.App. 4th Cir.1991). This court affirmed the trial court's granting of summary judgment dismissing Scandaliato's cause of action in defamation. However, no judgment was rendered as to Scandaliato's causes of action in malicious prosecution and negligence. Accordingly, this Court remanded the case for the trial court to rule on Continental's motion for summary judgment on those causes of action. On remand, the trial court granted Continental's motions and dismissed Scandaliato's causes of action for malicious prosecution and negligence. Ex proprio motu, this Court requested the trial court to designate reasons for granting Continental's motions for summary judgment. *1349 The trial court issued the following reasons which are now a part of the record:
This matter came before the Court on a Motion for Rehearing Pursuant to Remand filed herein on behalf of Continental Insurance Company.
This Court granted a Motion for Summary Judgment and this matter was dismissed by judgment dated October 3rd, 1990. The Court intended to dismiss all causes of action based on a policy exclusion in its judgment of October 3, 1990; however, the written reasons for judgment which were assigned on November 20, 1990 did not specifically address the causes of action based on malicious prosecution and negligence and the matter was remanded.
The Court was of the opinion then and is now that all causes of action asserted by plaintiff are excluded from coverage by the policy of insurance issued by Continental Insurance Company.
By Scandaliato's first assignment of error, he argues that the trial court erred in dismissing his cause of action for malicious prosecution. Continental's motion for summary judgment appears to have been predicated on its belief that coverage was not owed to Scandaliato because Scandaliato was impleaded into the lawsuit in June of 1984 and Continental's policy was not effective until July, 1985. Continental argues that the language of its policy excludes personal injury arising out of a publication or utterance made prior to the effective date of the policy.
Continental is correct that its Broad Form Comprehensive General Liability (CGL) Endorsement, pertaining to Personal Injury and Advertising Injury Liability Coverage, excludes personal injury arising out of a publication or utterance made prior to the effective date of the policy, but malicious prosecution is not defined as such. Malicious prosecution is a separate and independent cause of action, the elements of which include: the commencement or continuance of an original criminal or civil judicial proceeding, its legal causation by the present defendant in the original proceeding, its bona fide termination in favor of the present plaintiff, the absence of probable cause for such a proceeding, the presence of malice therein, and damage conforming to legal standards resulting to the plaintiff. Brimmer v. A. Copeland Enterprises, 609 So.2d 847 (La. App. 5th Cir.1992) writ denied 616 So.2d 682 (La.1993).
Scandaliato's allegations are sufficient to state a cause of action in malicious prosecution. Paragraph XII of Scandaliato's petition reads:
The aforementioned actions of Baas and Orrill and the Board of Directors were without probable cause and solely for the purpose of harassment. The defendants did not act in good faith or upon reasonable grounds. The sole purpose of the institution of this malicious prosecution was to harass Scandaliato because he did not cooperate with First Eastern in the prosecution of its original lawsuit against Sorenson....
The only exclusions that exist for personal injury coverage can be found under subparts (2), (3), and (4) of subsection (B), Part II of Continental's Broad Form CGL, relative to willful violations of penal statutes or ordinances, publications or utterances of libel and slander made prior to the effective date of the policy, libel or slander made with knowledge of the falsity thereof and violations of privacy rights made at the direction of the insured. Such provisions do not exclude malicious prosecution which protects "the individual interest in freedom from unjustifiable litigation." Joseph v. Cannon, 609 So.2d 838, 841 (La.App. 5th Cir.1992) writ denied 623 So.2d 1330 (La.1993). Furthermore, a review of Scandaliato's allegations present genuine issues of material fact as to whether defendants had probable cause to commence and/or continue judicial proceedings against Scandaliato or whether such proceedings arose out of malice. Where genuine issues of material fact exist as to Scandaliato's cause of action in malicious prosecution, the trial court's granting of summary judgment for Continental was in error.
By his second assignment of error, Scandaliato argues that the trial court erred in dismissing his cause of action for general negligence. Scandaliato has alleged that the Board members of the bank, during the time *1350 in which Continental's policy of insurance was in effect, had a duty to the shareholders of the bank and to third party beneficiaries, such as Scandaliato, to inquire as to the validity of the assertions set forth in the lawsuit; and/or they knew or should have known of Scandaliato's work at the bank and that the allegations contained were false; and/or these defendants acquiesced and approved the institution of suit against Scandaliato because he did not cooperate with the bank in its lawsuit against Sorenson; and/or they were negligent in allowing this case to go to trial when they knew or should have had knowledge that there was no merit in the claim and was merely a vendetta being carried out by its President, Roy Baas.
The definition section of the insurance policy includes the definition of "occurrence": "... an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." An occurrence envisions continuous torts such as those Scandaliato has alleged.
Continental relies on the fact that where the board's negligence was in response to the lawsuit which is excluded by its policy as an intentional act, such negligence is also excluded.
We do not see the logic in Continental's argument. Negligence, by definition, does not qualify as intentional conduct. Furthermore, we have concluded that Continental's CGL policy does not have an exclusion for intentional acts, per se. Only in the context of specific causes of action for violations of penal codes or ordinances, defamation, and violations of privacy rights, does an intentional act exclusion exist. We find that Scandaliato is entitled to a trial on the merits of his petition.
For the foregoing reasons, the trial court's judgment is reversed and this matter is remanded for trial.
REVERSED AND REMANDED.