904 So.2d 863 (2005)
Floyd C. CAGE
v.
ROAD DISTRICT NUMBER ONE OF JEFFERSON PARISH, Parish of Jefferson, James R. Ranson and Charles A. Schaff.
No. 04-CA-1470.
Court of Appeal of Louisiana, Fifth Circuit.
May 31, 2005.
Kenny M. Charbonnet, New Orleans, Louisiana, and James S. Rees, III, Covington, Louisiana, for Plaintiff/Appellant.
W. Marvin Hall, Alayne R. Corcoran, Michael E. Hill, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Plaintiff, Floyd Cage, appeals a summary judgment rendered in favor of defendant, *864 James Ranson, dismissing plaintiff's claims against him. For the reasons set forth herein, we affirm.

STATEMENT OF THE CASE
On July 6, 2001, Floyd Cage filed the instant lawsuit against Jefferson Parish, Road District Number One of Jefferson Parish, James Ranson, and Charles Schaff. In his petition, Mr. Cage alleges that on July 10, 2000, while working in his capacity as a garbage collector, he was injured when his foot was caught and trapped beneath a "defectively designed, altered, broken, damaged and/or unrepaired drainage grate" located at 1300 Gardenia Drive. Mr. Cage claims that Mr. Ranson, who was the owner of the home located at 1300 Gardenia at the time of the alleged accident, is liable for his injuries, because he altered the design of the drainage grate. On April 3, 2002, Mr. Ranson filed an Answer, in which he denied Mr. Cage's allegations against him.
On June 2, 2004, Mr. Ranson filed a Motion for Summary Judgment, arguing that plaintiff's claims against him should be dismissed because there is no evidence whatsoever indicating that he had anything to do with the alteration of the grate. Mr. Cage filed a memorandum in opposition, arguing that the facts of this case are sufficient to infer that Mr. Ranson is the person who cut a hole in the drainage grate.
A hearing on Mr. Ranson's Motion for Summary Judgment was held on July 15, 2004. At the conclusion of the hearing, the trial judge found that there was no evidence indicating that it was Mr. Ranson who modified the grate, but the trial judge gave plaintiff thirty days in which to do additional discovery. He stated that if plaintiff did not set forth evidence that Mr. Ranson altered the grate within thirty days, Mr. Ranson's Motion for Summary Judgment would be granted. On July 19, 2004, the trial judge signed a judgment granting Mr. Ranson's Motion for Summary Judgment and dismissing Mr. Cage's claims against him, with prejudice, effective August 14, 2004. Plaintiff appeals the summary judgment granted in favor of Mr. Ranson.

DISCUSSION
On appeal, Mr. Cage argues that summary judgment should not have been granted in favor of Mr. Ranson, because 1) there are credibility issues as to whether Mr. Ranson altered the grate; and 2) the inferences that can be drawn from the undisputed facts are sufficient to create a material issue of fact. After conducting a de novo review of this matter, we disagree.
Mr. Ranson's deposition was submitted in support of his Motion for Summary Judgment. In his deposition, Mr. Ranson indicated that the drainage grate was not present when he purchased the home, but it was eventually installed while he was living there. He stated that the grate did not initially have a section cut out of it, and he does not remember when he first noticed the cut-out, but he did not have drainage problems prior to or after the time that the section was cut out. He testified that he did not know who cut a section out of the grate, but he did not cut it and did not ask anyone to cut it out. He never requested that Jefferson Parish install the grate or alter it at any time. Although some form of another metal grate was found on his property, he stated that he does not know who put it there.
Mr. Ranson also submitted the deposition of Andrew McCoy in support of his motion. At the time of plaintiff's accident, Mr. McCoy was leasing the house at 1300 Gardenia from Mr. Ranson, and he bought the property thereafter. He testified that Mr. Ranson never talked to him about the grate having a hole cut in it, and the hole *865 in the grate never caused him any trouble. The house has not flooded since he has lived in it, and he has had no problems with drainage. He has no idea how a section of the grate was cut out.
The deposition of Edward Pujol, a welder for the Jefferson Parish Streets Department, was also submitted. Mr. Pujol testified that he would never cut a hole in a grate like the one in this case, due to safety issues. When Jefferson Parish receives complaints that drains are clogged, the Jefferson Parish Streets Department cleans them out. He does not know of any instance when Jefferson Parish workers have cut holes in a grate to make it easier to clean. He believes that the grate was originally manufactured by Jefferson Parish, but the hole was cut in it sometime thereafter. He stated that homeowners often make their own different kinds of grates.
The deposition of Leonard Reeves, another welder for Jefferson Parish, was presented. Mr. Reeves stated that he has never repaired or inspected the grate at 1300 Gardenia. Also, he has never been asked by a customer to cut a hole in a grate to wash down leaves, and he would not have done so if he had been asked, due to safety concerns. He did not cut a hole in the grate in this case, and he does not know who did.
The deposition of Roy Pelegrin, executive superintendent for the Jefferson Parish Streets Department, was also submitted. He testified that he has no knowledge of any alterations or changes made to this drainage grate. He stated that welders for the Jefferson Parish Streets Department do not cut holes in grates, because they do not want leaves or debris to clog the drains. He believes that Jefferson Parish most likely did not cut the hole in the grate in this case, but he has no information about how the hole came into existence. He does not know of any instance when a citizen has requested that a hole be cut in a grate, but any such request would be denied.
Both Jefferson Parish and Mr. Cage filed memoranda in opposition to Mr. Ranson's Motion for Summary Judgment, arguing that Mr. Ranson is the person who altered the grate. They contend that the hole in the grate was cut during the time that Mr. Ranson owned the property, and Mr. Ranson's home had previously flooded. They also note that several Jefferson Parish employees were deposed and each of them denied cutting a section out of the grate and stated that they did not have any knowledge of the cut-out section. Mr. Leo Poussard, the welder who installed the grate in question, testified that the hole in the grate appears to have been done for the purpose of making it easier to wash leaves through the drain. Mr. Cage and Jefferson Parish assert that Mr. Ranson could have cut the grate himself, because he has a circular saw.
In response, Mr. Ranson submitted an affidavit in which he stated that the only circular saw blade that he owned at the time in question was a wood cutting blade. He also indicated that the house at 1300 Gardenia only flooded one time during his occupancy, and it was caused by the banks of the nearby canal overflowing, not the drainage grate.
Appellate courts review summary judgment de novo, using the same criteria applied by the trial court to determine whether summary judgment is appropriate. Elmwood MRI, Ltd. v. Paracelsus Pioneer Valley Hosp., Inc., 01-764 (La. App. 5 Cir. 12/26/01), 806 So.2d 743, 746. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions *866 on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 966(B); Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533 (La.2/20/04), 866 So.2d 228, 232.
If the mover will not bear the burden of proof at trial, the mover's burden on the motion for summary judgment does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim or action. LSA-C.C.P. art. 966(C)(2); Nuccio v. Robert, 99-1327 (La. App. 5 Cir. 4/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Id. Manning v. Sketchler, 99-1128 (La.App. 5 Cir. 3/22/00), 759 So.2d 869, 872.
In his motion for summary judgment, Mr. Ranson contends that he did not alter or modify the grate at issue and, thus, he is not liable for Mr. Cage's injuries. Mr. Ranson's motion is supported by several exhibits, including his deposition and affidavit. Mr. Cage argues that Mr. Ranson must have altered the grate or requested that someone alter it, because it was in front of his property, several Jefferson Parish employees testified that they did not cut the grate, and Mr. Ranson "benefited exclusively from the negligently altered drain rollover grate."
Several Jefferson Parish employees testified that they did not cut a hole in the grate and that they would not do so, due to safety reasons. However, no Jefferson Parish employee or other witness testified that they knew who altered the grate or that Mr. Ranson had requested that they install, modify, or cut a hole in it. Mr. Cage believes that Mr. Ranson benefited exclusively from the grate, so he argues that Mr. Ranson must have altered it. However, this is simply argument, and Mr. Cage has presented no evidence to support his allegations or to create a genuine issue of material fact.
In his motion for summary judgment, Mr. Ranson pointed out that is an absence of factual support for Mr. Cage's claims against him. Therefore, the burden shifted to Mr. Cage to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, in accordance with LSA-C.C.P. art. 966(C)(2). However, Mr. Cage has not produced any factual support for his argument that Mr. Ranson cut a hole in or otherwise modified the grate in question. Mr. Cage's argument consists primarily of speculation, which falls short of the factual support required to establish that he will be able to satisfy his evidentiary burden of proof at trial. See Babin v. Winn-Dixie Louisiana, Inc., 00-78 (La.6/30/00), 764 So.2d 37, 40.
Accordingly, after reviewing the matter before us de novo, we find that the trial court correctly granted summary judgment in favor of Mr. Ranson, dismissing him from this lawsuit.[1] Therefore, we affirm the judgment of the trial court.

*867 DECREE

For the reasons set forth above, we affirm the decision of the trial court, granting summary judgment in favor of Mr. James Ranson and dismissing him from this lawsuit.
AFFIRMED
NOTES
[1] Moreover, we note that the record contains an Order dated October 18, 2001, which dismissed plaintiff's claims against James Ranson and Charles Schaff, without prejudice. There is no pleading in the record indicating that the claims against Mr. Ranson were refiled.