FREDERICKA HOMBERG WICKER, Judge.
^Plaintiff appeals from the granting of defendant’s Motion for Summary Judg *634 ment. For the following reasons, we affirm the judgment of the trial court.
Plaintiff filed a Petition for Damages against defendant, alleging that on January 9, 2002 defendant was “willfully negligent and malicious in misinforming the Jefferson Parish Sheriffs Office” that plaintiff was attempting to fraudulently remove funds from her mother, Rosemary Patrick’s (Mrs. Patrick), account, causing plaintiff to be transported from the premises and charged with attempted theft.
After filing an Answer and Defenses, defendant filed a Motion for Summary Judgment, asserting that plaintiffs claims against it should be dismissed because the undisputed facts surrounding her arrest support a conclusion that defendant had a reasonable and honest belief that she presented a check that was not properly | spayable, and that, therefore, she was attempting to illicitly remove funds from Mrs. Patrick’s account.
In its judgment granting defendant’s Motion for Summary Judgment, the trial court stated:
After reviewing the memoranda of the parties and hearing the argument of counsel, the Court found that the undisputed facts surrounding plaintiffs arrest supported a finding of probable cause for plaintiffs arrest. Therefore, no genuine issue of material fact exists as to the liability of IberiaBank, and defendant is entitled to Summary Judgment as a matter of law.
It is from this judgment that plaintiff appeals. Plaintiff argues that the trial court erred, because 1) it misapplied the standard of proof pursuant to La.C.C.P. art. 966; 2) it considered an affidavit which did not meet the legal standards of La. C.C.P. art. 967; and 3) it granted defendant’s summary judgment solely on the grounds of “probable cause” when intent was a consideration.
Appellate courts review summary judgment de novo, using the same criteria applied by the trial court to determine whether summary judgment is appropriate. Cage v. Road Dist. No. One of Jefferson Parish, 04-1470 (La.App. 5 Cir. 5/31/05), 904 So.2d 863, 865; Costello v. Hardy, 03-1146 (La.1/21/04), 864 So.2d 129, 137. A court must grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B); Costello v. Hardy, supra. Pursuant to a 1996 amendment to the summary judgment article, the summary judgment procedure is now favored under our law. La.C.C.P. art. 966(A)(2); Id.
The party bringing the summary judgment motion bears the burden of proof. La.C.C.P. art. 966(C)(2). However, if the mover will not bear the burden of proof at trial, the mover’s burden on the motion for summary judgment does not require j 4him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2); Cage, supra at 866. Then, the burden shifts to the adverse party to produce factual support sufficient to show that she will be able to meet her evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Id.
The essential elements of malicious prosecution are: (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who *635 was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damage conforming to legal standards resulting to plaintiff. Jack v. Johnson, 618 So.2d 448, 450 (La.App. 5 Cir.1993); JCM Const. Co., Inc. v. Orleans Parish School Bd., 04-0059 (La.4/30/04), 871 So.2d 1122, 1123.
In the instant case, the trial court determined that plaintiff could not establish the fourth essential element, the absence of probable cause for such proceeding.
In support of its motion, defendant submitted a memorandum and attached plaintiffs deposition, an affidavit by Kathey Simmons (IberiaBank Teller), and a copy of Mrs. Patrick’s Certificate of Death listing January 8, 2002 as her date of death. Attached to plaintiffs deposition is a copy of an IberiaBank signature card indicating that Mrs. Patrick opened an account (hereinafter “the checking account”) on September 8, 2001. Plaintiff is not listed on the signature card; only Mrs. Patrick is listed as an authorized individual. Also attached to the deposition is a copy of a check for $1,885.00, drawn on the account, dated January 9, 2002, ftmade payable to defendant, and signed “Rosemary Patrick” (hereinafter “the check”).
In opposition to the motion, plaintiff submitted a memorandum with attachments — signature cards from the checking and savings account showing “Rosemary Patrick” as the only authorized individual on both accounts; a statement from the savings account, and an affidavit by plaintiff.
In plaintiffs deposition she testified that she accompanied her mother to Iberia-Bank on September 8, 2001 to open Mrs. Patrick’s checking and savings accounts. Plaintiff further testified that, although only her mother’s name is listed and signed twice on the account signature card, in actuality plaintiff signed one of the “Rosemary Patrick” signatures. According to plaintiff, she and her mother signed “Rosemary Patrick” on the card at the same time in front of an IberiaBank representative. Plaintiff further stated that she believed that this signature was her authorization to sign on the account.
Plaintiff testified that she received a telephone call on January 9, 2002 from an IberiaBank representative asking to speak to Mrs. Patrick; plaintiff told the representative that Mrs. Patrick was deceased. Plaintiff further testified that later that day she drove to IberiaBank to cash a check for $1,885.00 drawn on Mrs. Patrick’s checking account. According to plaintiff, Mrs. Patrick had signed the check on January 6, 2002 and filled in everything but the date, which plaintiff filled in. Plaintiff stated that she walked into the bank, waited in line for a period of time, and then presented the check to the teller, without speaking. The teller asked for and received plaintiffs ID [1], then told plaintiff to wait a few minutes “because the computer was down.” She had no further conversations with anybody from the bank that day. Plaintiff stated that after waiting five to ten 1 ^minutes, a Jefferson Parish Sheriffs Deputy arrived and questioned her for approximately three minutes in the bank’s conference room. She told him that her mother was deceased and:
... basically he asked me what was I doing in the bank. I told him that I came to cash a check. He asked me who the check was for. I told him that it was for me, but it was under my *636 mom’s name. He said, okay. He started reading me my rights.”
Plaintiff further testified that the charges against her were eventually dropped.
As stated above, defendant submitted Kathey Simmons’ affidavit in support of its motion. Three exhibits are attached to the affidavit, one identified as an IberiaBank account application, and the other two are statements for Mrs. Patrick’s checking and savings accounts at IberiaBank.
Simmons states that she is a teller at IberiaBank in Marrero, Louisiana, and that in connection with her work as a teller, she has access to all official bank records. She attests that the account application attached to the affidavit is the account application completed by Mrs. Patrick to open the checking account. Further, the only individual authorized to sign checks drawn on the checking account was Mrs. Patrick.
Simmons states that there were multiple requests for telephone transfers of money from Mrs. Patrick’s savings account to her checking account in January 2002. Mrs. Patrick’s checking and savings account statements attached to the affidavit indicate these telephone transfers — January 2, 2002 for $500 and January 8, 2002 for $900. After a third telephone request was made on January 9, 2002, a bank employee spoke to Simmons “regarding the fact that the individual making the request sounded younger than a 63 year old woman.” After speaking to bank employees, Simmons telephoned West Jefferson Hospital and spoke to a | ./representative in the medical records department who verified that Mrs. Patrick died on January 8, 2002. Thereafter an “alert” was placed on Mrs. Patrick’s account. Simmons further stated that she was present during plaintiffs arrest.
Plaintiff contends that the trial court erred by considering the affidavit of Ka-they Simmons because it did not meet the legal standard of La.C.C.P. art. 967. La. C.C.P. art. 967(A) provides, in pertinent part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein ...
Plaintiff argues that certain assertions by Simmons in her affidavit do not comply with La.C.C.P. art. 967(A) because they are hearsay and are not made on her personal knowledge but rather on information provided to her by an unknown third person. The assertions pertain to conversations Simmons had on January 9, 2002, and are as follows:
11. After the January 9, 2002 request, a bank employee spoke to her regarding the fact that the individual making the request sounded younger than a 63 year old woman;
12. After speaking to the bank employees, she called West Jefferson Hospital and spoke to a representative in the medical records department who verified that Rosemary Patrick died on January 8, 2002;
La.C.C.P. art. 967(A) provides that “affidavits shall be made on personal knowledge.” Simmons would clearly have personal knowledge of conversations that she asserts she participated in. Further, La.C.E. art. 801(C) defines hearsay as “a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.” The statements which Simmons refers to above are not being offered in evidence to prove the truth of the matter asserted, i.e., that the person who made the third *637 ^telephone transfer request was in fact younger than sixty-three years of age and that Mrs. Patrick died on January 8, 2002. Rather, they are being offered into evidence to show what information the bank had at the time of plaintiffs arrest. And even if the above statements were omitted as hearsay, the record includes Mrs. Patrick’s certificate of death indicating a January 8, 2002 date of death and plaintiffs testimony that a representative of Iberia-Bank telephoned on January 9, 2002 asking to speak to Mrs. Patrick and that she informed the representative that Mrs. Patrick was deceased.
Finally, plaintiff argues that the trial court erred because it granted defendant’s summary judgment solely on the grounds of “probable cause” when intent was a consideration.
In the present case, the defendant, as the party bringing the summary judgment motion, bears the burden of proof. However, because defendant will not bear the burden of proof at trial, its burden on the motion for summary judgment does not require it to negate all essential elements of plaintiffs claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to plaintiffs claim. As stated above, one of the five essential elements in a malicious prosecution case is that plaintiff must prove that there was no probable cause.
Probable cause does not depend upon the actual state of the case in point of fact, but on the honest and reasonable belief of the party prosecuting. JCM Const. Co., Inc. v. Orleans Parish School Bd., supra at 1123. In support of its motion for summary judgment, defendant submitted a deposition, affidavit, and exhibits pointing out that defendant’s records indicated that Mrs. Patrick was the only authorized signatory on her checking account; that Mrs. Patrick died on January 8, 2002; that the bank learned of Mrs. Patrick’s death on January 9, 2002; and that Rafter Mrs. Patrick’s death, plaintiff entered a bank branch and without explanation attempted to cash a check drawn on the deceased Mrs. Patrick’s checking account, dated January 9, 2002, and made payable to plaintiff for $1,885.00. Plaintiff does not dispute any of these facts. Once defendant pointed out the absence of factual support for an element essential to plaintiffs claim, the burden then shifted to plaintiff to produce factual support sufficient to show that she will be able to meet her evidentiary burden of proof at trial. La.C.C.P. art. 966(C)(2). Because plaintiff failed to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof as to this element at trial, the trial court properly granted summary judgment in favor of defendant.
Therefore, we affirm the judgment of the trial court granting defendant’s motion for summary judgment.

AFFIRMED.

. A copy of plaintiffs identification, her drivers' license, is attached to the deposition.