WALTER J. ROTHSCHILD, Judge.
|aHartford Casualty Insurance Company appeals from a judgment of the trial granting plaintiffs’ motion for partial summary judgment on the issue of coverage. For the reasons stated more fully herein, we affirm.

Facts and Procedural History

This litigation originally began on December 9,1997 with a petition for damages filed by Henry Sauviac against defendant James Michael Dobbins for defamation, malicious prosecution and negligence. Plaintiff alleged that in 1994 he sold his insurance business, Henlar, Inc., to Powell Insurance Company. At the same time, Sauviac entered into an employment agreement with Powell to service the insurance contracts.
Plaintiff alleged that Dobbins, a former employee of Henlar, began an effort to interfere with the business relationship *515 between plaintiff and Powell |4with the hopes of replacing plaintiff as an employee of Powell. Plaintiff specifically alleged that defendant began a campaign of making false statements and spreading false rumors about plaintiff regarding allegations of criminal activity and the supposed revocation of plaintiffs insurance license. Plaintiff further alleged that Dobbins reported Sauviac to the Louisiana Commissioner of Insurance and also accused Sauviac of theft to the Jefferson Parish Sheriffs office, causing plaintiffs arrest and imprisonment. Plaintiff also alleges that as a result of these accusations, he was terminated from his position with Powell in April of 1994. He also alleges that Dobbins was subsequently hired by Powell to replace him.
On March 9, 1998, plaintiff amended his petition to include his wife Larnell Sauviac as plaintiff and to name as defendants another former Henlar employee, Rachel Vogel, and Powell Insurance Company, as well as their insurers, Hartford Insurance Company and CNA Insurance Company. At this time, plaintiffs also amended their petition to include additional claims of false arrest and malicious prosecution against all defendants.
On October 5, 1999, Hartford filed an answer to plaintiffs’ petition and amended petition for damages, generally denying the allegations and further providing that policies issued by Hartford did not provide coverage for plaintiffs’ claims. In May of 2001, Hartford filed a motion for partial summary judgment on the issue of coverage which was denied by the trial court.
In October of 2001, plaintiffs filed a motion for partial summary judgment on the issue of coverage afforded by the Hartford and CNA policies. The CNA policy, issued in the name of its company “Valley Forge Insurance Company,” provided both employee dishonesty coverage and | pliability coverage for the coverage year of 1994. During discovery in this matter, Hartford produced two primary business liability policies issued to Powell covering policy years 1995 and 1996 with policy limits of $1,000,000 for each occurrence.
On November 29, 2001, the trial court granted plaintiffs’ motion for partial summary judgment, finding that CNA provided coverage for the damages and injuries sustained by plaintiffs in this action. The judgment was silent as to plaintiffs’ claims against Hartford.
In November of 2002, plaintiffs settled their claims with Hartford for the amount of $40,000. Hartford was dismissed from this litigation by judgment of the trial court on December 2, 2002. Following Hartford’s dismissal from the case, it was discovered that Hartford issued a total of 18 policies of insurance to Powell providing coverage for periods from 1995 — 2003 which Hartford failed to produce during discovery. The policies beginning in coverage year 1997 contained umbrella or excess liability provisions.
In January of 2003, plaintiffs settled their claims with CNA for the sum of $750,000. CNA now alleges that the settlement was induced by Hartford’s failure to produce documentation prior to its dismissal from the case.
On February 13, 2003, plaintiffs filed into these proceedings a petition to annul the judgment of dismissal which was entered in favor of Hartford on December 2, 2002. Plaintiffs allege that Hartford committed fraud by intentionally failing to produce in discovery documentation which would have supported plaintiffs’ claims against defendants. Plaintiffs contend that the documentation, which Hartford claimed did not exist, was discovered by | ^counsel for CNA following Hartford’s dismissal from the case. Plaintiffs contend *516 that by concealing this documentation, Hartford fraudulently induced plaintiffs to settle their claims for $40,000 although the available policies provided $1,000,000 in primary insurance coverage.
Plaintiffs further contend that following the settlement with CNA, they discovered that Hartford also hid the fact that defendants held excess coverage in the event that the primary liability exceeded $1,000,000. Plaintiffs allege that based on the specific acts of fraud perpetrated by Hartford, that the judgment of dismissal as to Hartford should be annulled, vacated and set aside.
Hartford answered this petition, denying its allegations, and arguing that the 2002 settlement is valid, was not induced by fraud and was part of plaintiffs settlement strategy.
Following the discovery of the additional policies and documentation, CNA filed a third party demand against Hartford to recover Hartford’s pro rata share of the settlement paid by CNA. CNA subsequently filed a motion for summary judgment on the issue of whether Hartford issued 18 policies of insurance to Powell which potentially provides coverage for plaintiffs’ claims for the alleged acts of defendants in this litigation. By judgment rendered on November 22, 2004, the trial court denied the motion, finding that there were issues of fact as to whether the Hartford policies were applicable to the underlying case or whether they should have been produced by counsel for Hartford prior to settlement with plaintiffs.
On November 3, 2005, plaintiffs brought a motion for partial summary judgment on the issue of coverage for the policies issued by Hartford. Hartford filed an opposition to this motion as well as a cross |7motion for partial summary judgment on the issue of coverage. By judgment rendered on February 15, 2006, the trial court granted plaintiffs’ partial motion for summary judgment and denied Hartford’s motion, thereby determining that the Hartford policies provided coverage for plaintiffs’ claims. This judgment was revised by the trial court on March 15, 2006 to provide that the judgment is expressly determined to be final and appealable.
Hartford now appeals from this judgment.

Law and Discussion

A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any show there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Araujo v. Eitmann, 99-1377 (La.App. 5th Cir.5/17/00), 762 So.2d 223, 225. Following the 1996 amendment of the summary judgment law, summary judgment is now favored. It shall be used to “secure the just, speedy, and inexpensive determination” of all actions, except those excluded by La. C.C.P. art. 969. La. C.C.P. art. 966(A)(2).
The party bringing the summary judgment motion bears the burden of proof. La.C.C.P. art. 966(C)(2). However, if the mover will not bear the burden of proof at trial, the mover’s burden on the motion for summary judgment does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2); Cage v. Road Dist. No. One of Jefferson Parish, 04-1470 (La. App. 5 Cir. 5/31/05), 904 So.2d 863, 865. Then, the burden shifts to the adverse party to produce factual support sufficient to Lshow that she will be able to meet her evidentiary burden of proof at trial. La. *517 C.C.P. art. 966(C)(2). The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Id.
Finally, it is well settled that the appellate review of summary judgment is de novo, applying the same standard as the trial court. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Schroeder v. Board of Sup’rs. of Louisiana State Univ., 591 So.2d 342, 345 (La.1991).
As this Court stated in Vintage Contracting, L.L.C. v. Dixie Bldg. Material Co., Inc., 03-422 (La.App. 5 Cir. 9/16/03), 858 So.2d 22, 25:
An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation set forth in the Louisiana Civil Code. Reynolds v. Select Props., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. In Louisiana, insurance policies are interpreted under the rules governing contract interpretation. La. C.C. arts. 2045-2057. Language in an insurance policy which is clear, expresses the intent of the parties and does not violate a statute or public policy, must be enforced as written. If the insurance policy is susceptible to two or more reasonable interpretations, then it is considered ambiguous and must be liberally interpreted in favor of coverage. Reynolds, supra; Newby v. Jefferson Parish Sch. Bd., 99-0098 (La.App. 5th Cir.6/1/99), 738 So.2d 93; Araujo v. Eitmann, supra, 762 So.2d at 225.
The purpose of liability insurance is to afford the insured protection from damage claims. Reynolds, supra. Insurance policies should be interpreted to effect, not deny, coverage. Yount v. Maisano, 627 So.2d 148, 151 (La.1993). Any ambiguity in an insurance policy’s exclusion should be narrowly construed to afford coverage. Peterson v. Schimek, 98-1712 (La.3/2/99), 729 So.2d 1024, 1029. However it is also well-settled that unless a statute or public policy dictates otherwise, insurers have the right to limit liability and enforce conditions or limitations upon their insureds. Reynolds, supra, 634 So.2d at 1183. In addition, the insurer bears the burden of proving that a loss falls within a policy | ^exclusion. Blackburn v. National Union Fire Ins. Co., 00-2668 (La.4/3/01), 784 So.2d 637, 641.
In granting summary judgment in this case, the trial court found that plaintiffs’ claims of malicious prosecution did not accrue until plaintiffs obtained a favorable dismissal of the action in 1998 and the essential elements for malicious prosecution had materialized. Thus, the trial court concluded that the Hartford policies provided coverage for plaintiffs’ claims of malicious prosecution asserted in this case.
By this appeal, Hartford contends that the trial court erred in granting the partial summary judgment on the issue of coverage because the court previously determined in a motion for summary judgment filed by CNA in 2004 that there were issues of fact which precluded summary judgment against Hartford. However, we fail to find that the trial court’s ruling on the CNA’s motion operates as law of the case here. The first motion was filed by CNA, and not by plaintiffs, was filed over one year before the present motion, and advanced a different argument in support of the motion with different submissions of proof. Moreover, we find no authority supporting Hartford’s argument that a trial judge cannot entertain a motion for summary judgment a second time on the same issue. See, Melton v. Miley, 98-1437 (La.App. 1st Cir.9/24/99), 754 So.2d 1088, writ denied, 99-3089 (La.1/7/00), 752 So.2d 867; Rogers v. Horseshoe Entertainment, *518 32,800 (La.App. 2 Cir. 8/1/00), 766 So.2d 595, 601.
Hartford next contends that pursuant to the clear terms of the subject policies, plaintiffs had the burden to prove that they first suffered “personal injury” within the policy period of the Hartford policies. As plaintiffs alleged in their petition that all of the alleged wrongful acts of defendants |inoccurred in 1994, prior to the effective date of the Hartford policies, plaintiffs have failed to meet this burden. Thus, Hartford contends that the trial court erred in granting plaintiffs’ motion for partial summary judgment and denying Hartford’s motion as the clear terms of the Hartford policies show that there is no coverage for plaintiffs’ claims in this case.
There is no dispute in this case that Hartford issued approximately 18 primary and umbrella policies of insurance to Powell Insurance Agency, Inc. covering policy years 1995 through 2003. The only two policies which Hartford produced in discovery prior to the 2002 settlement with plaintiffs were the policies issued in 1995 and 1996, neither of which includes umbrella or excess liability provisions. Beginning in 1997, Hartford issued policies to Powell which contained umbrella coverage.
Hartford argues that none of the policies issued to Powell provide coverage for plaintiffs’ claims in this case. Hartford contends that the claims are excluded from personal injury coverage because they arise out of publication of material that plaintiffs misappropriated monies belonging to Powell and those publications first occurred in 1994 prior to the effective date of any Hartford policy.
The Hartford policies are essentially the same except as to the policy limits, the effective date of the coverage periods, and whether they are primary or excess. The Coverages in the Business Liability section of the policies issued by Hartford to Powell contains the following pertinent language:
A.l.b. This insurance applies:
[[Image here]]
(2) To:
lufa) “Personal injury” caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you; ... but only if the offense was committed in the “coverage territory” during the policy period.
Further, malicious prosecution is specifically included in the definition of personal injury in the policy. However, Hartford contends that the following exclusion contained in the policy applies to the instant case:
This insurance does not apply to:
[[Image here]]
p. “Personal injury” or “advertising injury”:
[[Image here]]
(2) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.
Hartford contends that as the publication of the defamatory material by defendants first occurred in 1994, prior to the policy periods in any of the Hartford policies, coverage is therefore excluded. While we agree with this argument as it applies to plaintiffs’ claims of defamation which requires an element of publication, we fail to find that this exclusion applies to a cause of action for malicious prosecution.
In addition to plaintiffs’ claims of defamation, plaintiffs assert claims for malicious prosecution and false arrest. Plain *519 tiffs assert in their original petition that defendants filed a complaint with the Louisiana Department of Insurance, and that this claim was finally resolved in plaintiffs’ favor in 1997. In their amended petition filed on March 9, 1998, plaintiffs allege that defendants made false allegations of theft to the Jefferson Parish Sheriffs office on March 21, 1996, and that on March 3, 1998, the Jefferson Parish District Attorney entered a nolle prosequi dismissing the charge of theft. | ^Plaintiffs further alleged that “the arrest and aborted prosecution of the plaintiffs was completely without probable cause based on the false allegations of the defendants ...”
Plaintiffs allege that their cause of action for malicious prosecution did not arise until the administrative and criminal proceedings were dismissed, and that there was therefore an occurrence in 1998 under the personal injury liability provisions of the policy for which the Hartford policies provide coverage. We agree.
Unlike a claim for defamation, a claim for malicious prosecution does not fit within the definition of an oral or written publication of material as referred to in the exclusion in the Hartford policies. See, Scandaliato and Associates, Inc. v. First Eastern Bank & Trust Co., 629 So.2d 1347, 1349 (La.App. 4 Cir.1993). In fact, publication is not listed as an element of a claim for malicious prosecution. Malicious prosecution is a separate and independent cause of action, the elements of which include: the commencement or continuance of an original criminal or civil judicial proceeding, its legal causation by the present defendant in the original proceeding, its bona fide termination in favor of the present plaintiff, the absence of probable cause for such a proceeding, the presence of malice therein, and damage conforming to legal standards resulting to the plaintiff. Id., citing, Brimmer v. A. Copeland Enterprises, 609 So.2d 847 (La.App. 5th Cir. 1992), writ denied, 616 So.2d 682 (La. 1993).
Thus, the elements of a cause of action for malicious prosecution include a commencement or continuance of a criminal proceeding and a bona fide termination of the proceeding in favor of the plaintiff. The plaintiffs allege in their original and amending petitions that defendants |13began a course of conduct beginning in 1994 when they were subject to license revocation proceedings and criminal proceedings. These actions were dismissed in plaintiffs’ favor in 1997 and 1998. During this period, plaintiffs alleged that defendants engaged in a continuous course of conduct including the filing of criminal charges, presenting false testimony to the Insurance Commissioner, and making false and misleading statements to the Jefferson Parish Sheriff’s Office and the Jefferson Parish District Attorney, all of which allegedly form the factual basis for their claim of malicious prosecution.
We conclude that the trial court was correct in its determination that plaintiffs’ cause of action for malicious prosecution did not accrue or become ripe until the administrative and judicial proceedings were dismissed in 1997 and 1998. These dismissals necessarily form part of the elementary basis for a cause of action for malicious prosecution, and are therefore deemed to be occurrences under the Hartford policies with 1997 and 1998 coverage periods. Further, the clear terms of the Hartford policies support a finding that malicious prosecution is considered as a “personal injury,” and Hartford failed to meet its burden to show that the cited exclusion relating to “first publication” applies to this claim.
For the reasons assigned herein, we conclude that coverage under the Hartford policies is provided for the plaintiffs’ claim *520 of malicious prosecution as a matter of law, and we find no error of the trial court in granting partial summary judgment in favor of plaintiffs as to the issue of coverage. Accordingly, the judgment of the trial court is affirmed at Hartford’s costs.

AFFIRMED.