SAMUEL, Judge.
Plaintiff appeals from a judgment dismissing her suit for injuries incurred while *1248 she was a fare-paying passenger on a bus. Defendants are the driver of the bus and New Orleans Public Service, Inc., his employer.
The record contains evidence sufficient to either establish, or furnish a reasonable basis for the trial court to find[1] (and we are satisfied the trial court did find), the following facts:
Plaintiff boarded the bus, paid her fare, and started toward a seat, getting as far as the third seat, when the vehicle made a sudden stop. She fell to the bus floor and was injured. The bus had started forward in an open inside lane when an automobile suddenly turned from the middle lane into the path of the bus. The sudden stop which caused plaintiff to fall resulted from an application of his brakes by the bus driver in order to avoid a collision with the car.
In Miller v. New Orleans Public Service, 196 So. 86, this court recognized the rule that unless there is something about the passenger’s appearance showing he is physically or for some other reason handicapped to the extent that he is likely to fall while attempting to walk in a moving public conveyance, there is no duty on the operator of the conveyance to delay starting until such a passenger has reached a seat. In the instant case the plaintiff was not so handicapped and the bus driver was not required to delay starting until she had reached a seat.
We find, as did the trial court, that the defendant driver was confronted with a sudden emergency through no fault of his own, and that the emergency stop was due solely to the negligence of the motorist who suddenly turned into the path of the bus.[2]
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. See Canter v. Koehring Company, La., 283 So.2d 716.

. See Walker v. New Orleans Public Service, Inc., La.App., 245 So.2d 763; Shannon v. Shreveport Transit Company, La.App., 149 So.2d 206; Johnson v. Shreveport Transit Company, La.App., 137 So.2d 463.