761 So.2d 84 (2000)
Deborah NUCCIO
v.
Jean ROBERT d/b/a Cookbook Lounge and First Financial Insurance Company.
No. 99-CA-1327.
Court of Appeal of Louisiana, Fifth Circuit.
April 25, 2000.
Writ Denied June 30, 2000.
*85 Patricia D. Miskewicz, New Orleans, Louisiana, Attorney for Appellant.
Bruce D. Burglass, Jr., Andre C. Gaudin, Scott O. Gaspard, Metairie, Louisiana, Attorneys for Appellee.
Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr. and MARION F. EDWARDS.
EDWARDS, Judge.
Plaintiff/appellant Deborah Nuccio appeals a judgment of the district court dismissing on summary judgment her cause of action for injuries suffered as a result of a fall in the Cookbook Lounge. We affirm.
Mrs. Nuccio filed suit in December of 1997 against defendant Jean Robert, d/b/a the Cookbook Lounge ("Robert"), alleging that while dancing on the dance floor she slipped on a piece of ice and/or water. Mrs. Nuccio claimed that the fall shattered her shoulder, and that Robert was negligent in several respects, including failure to properly inspect and clean the floor and in allowing a dangerous condition to exist. Mrs. Nuccio also alleged that Robert was strictly liable.
*86 The matter was set for trial and continued. Robert then filed a motion for summary judgment, urging that Mrs. Nuccio could not prove actual or constructive notice under La. R.S. 9:2800.6(B). The trial court took the matter under advisement and ultimately granted judgment, finding that Mrs. Nuccio "had insufficient evidence to prove that what she slipped upon had been on the floor an unreasonable period of time".
In connection with the motion for summary judgment, Robert introduced a portion of Mrs. Nuccio's deposition. Mrs. Nuccio stated that on the night that she fell, she had gone to the Cookbook Lounge with her husband at around 11:00 p.m. There was a birthday party for Mr. Nuccio's ex-wife, "Candy" Labee, who was a waitress at the Cookbook and the place was "packed". Mrs. Nuccio danced occasionally, but mostly sat on a barstool near a little "island" in the bar. Prior to the time that she fell, she had danced on the floor without problems. Her son-in-law, Darren Jacobs asked her to dance, and as she was dancing with him she "heard kind of like a crunch" and "something shot out from under [her] heel". She fell backwards, hitting her shoulder. Noting that the lighting was low, she did not see any ice or any water on the floor although she felt some dampness on her dress. Mrs. Nuccio stated that the lounge was not "trashy". People were drinking on the dance floor, but she did not see anyone spill anything and had not been drinking on the floor herself. She did not know where the ice may have come from or how long it may have been there.
Several affidavits were submitted. Darren Jacobs, Mrs. Nuccio's son-in-law, stated that on the night of the accident, he did not notice the condition of the floor or discover any ice, water, or foreign substances in the area where they were dancing.
Kevin Baroni, a friend, stated that he could not recall or positively testify that he observed any ice, water, or foreign substance. Both Wendy Jacob, Mrs. Nuccio's step-daughter, and her mother Candy Labbe, attested to much the same effect, adding that after Mrs. Nuccio was assisted to her automobile, they returned to the dance floor to determine whether there were any foreign substances and found none. Raymond Alfonso, the co-manager at the Cookbook, stated that he walked and inspected the premises before the accident and observed no spills or hazardous conditions and that after Mrs. Nuccio fell, he went to the area and found no ice, water, etc.
The record on appeal, certified by the clerk's office as containing all the pleadings, documents and evidence in the matter, does not contain an opposition to the motion for summary judgment. In brief and on her application to this court to supplement the record, Nuccio avers that she filed an opposition in the East Bank Office of the Clerk of Court and mailed a copy to the district court. In the transcript of the hearing, counsel for Mrs. Nuccio repeated her statement as to the filing of the opposition. Further, the transcript reveals that the judge did have the opposition on the date of the hearing and took the matter under advisement for the purpose of reviewing Mrs. Nuccio's memorandum. This court permitted supplementation of the appellate record with a copy of the opposition which does not reveal its acceptance for filing. It is unclear whether, although the trial court was in possession of the opposition, it had been properly filed into the record of these proceedings. In her motion to supplement the appellate record, Robert avers that the appeals supervisor for the 24th Judicial District Court verified the filing of these pleadings, but has been unable to locate them. There is no certification from the Clerk's office to this effect. We note that Robert does not object to consideration of the opposition.
A trial court cannot render a judgment or ruling that is not based upon pleadings and supporting evidence properly *87 filed in the record, and an appellate court cannot consider pleadings or documents not filed in the trial court.[1] After the record has been transmitted to the appellate court, the record can be supplemented by stipulation of the parties, by the trial court, or by order of the appellate court, only if the evidence was actually introduced at trial.[2] Based on the record we cannot conclude that the opposition and its attendant exhibits were filed into the record. Neither were they introduced at the trial. The pleadings are not properly before us on appeal. However, even considering the documents does not alter our determination that summary judgment was appropriate.
Mrs. Nuccio also offered a portion of her deposition referred to above. In addition, the opposition offered a portion of Robert's deposition which stated that the floors are cleaned every day, and mopped in between if a spill occurs. There is no set schedule for inspection. The bar closed at four in the morning, approximately two hours after the accident. On the morning after the accident, Robert noted that the floor was dirty.
Fran and Dave Campbell, friends of Mrs. Nuccio, stated in affidavits that during the evening they observed people carrying food and drinks across the floor and customers dancing with drinks in their hands. They also observed that prior to the fall, the floor appeared dirty. A second affidavit sworn by Kevin Baroni stated nothing to contradict his first one, but added only that he too observed people carrying and dancing with drinks and food. Additional affidavits by Nick Baroni, Darren Jacob, and Wendy Jacob were to the same effect.
Summary judgments are reviewed on appeal de novo.[3] An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law.[4] Moreover, the summary judgment procedure is favored, and shall be construed, as it was intended, to secure the just, speedy, and inexpensive determination of most actions.[5]
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.[6]
Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion.[7]
*88 La. R.S. 9:2800.6 provides that in a negligence claim for damages sustained because of a fall due to a condition on the premises, the claimant must prove, in addition to all other elements of his claim, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
. . . .
"Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
Considering the issue of "strict liability", La. Civ.Code arts. 2317.1 and 2322 require a plaintiff to also prove that defendant knew or should have known of the vice or defect. The addition of knowledge as an element has effectively eliminated strict liability in most circumstances.[8] In any case, on summary judgment Robert was obliged to prove that there was an absence of evidence of constructive notice of an unreasonably dangerous condition, i.e. ice, water, or some other hazardous substance. Robert introduced affidavits of several witnesses which demonstrated that neither Mrs. Nuccio, her companions, the lounge manager, nor another lounge employee, could testify that there was ice or water on the floor either before or after Mrs. Nuccio fell. Robert has shown an absence of factual support for the notice element. The affidavits submitted by Mrs. Nuccio do not establish the existence of proof of a material fact on the crucial question of notice. A "dirty" dance floor as observed by an affiant does not satisfy the burden of proof. We cannot assume from Mrs. Nuccio's affidavits that because customers carried food and drinks across the floor, that Robert must be considered to be on constructive notice of a hazardous condition.
We note further that Robert successfully pointed out the lack of evidence of an unreasonably dangerous condition. The claimant must make a positive showing of the existence of the dangerous condition prior to the fall.[9] Mrs. Nuccio did not show factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof of actual or constructive notice of an unreasonably dangerous condition. The judgment must be affirmed. Costs of this appeal are assessed to Mrs. Nuccio.
AFFIRMED.
NOTES
[1] Ansalve v. State Farm Mut. Auto. Ins. Co., 95-0211 (La.App. 4th Cir. 2/15/96), 669 So.2d 1328.
[2] Sutton v. Montegut, 544 So.2d 1181 (La. App. 5 Cir.1989)
[3] Smith v. Our Lady of the Lake Hosp., 639 So.2d 730, 750 (La.1994); Moody v. United Nat. Ins. Co., 98-287 (La.App. 5th Cir. 9/29/98), 743 So.2d 680.
[4] Smith, supra; Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191.
[5] La.Code. Civ.Pro. art. 966(A)(2); Magnon v. Collins, supra.
[6] La.Code Civ. Pro. art. 966(C)(2).
[7] Foster v. Consolidated Employment Systems, Inc., 98 948 (La.App. 5th Cir. 1/26/99), 726 So.2d 494.
[8] Jackson v. Beasley, 30,359 (La.App. 2nd Cir. 4/08/98), 712 So.2d 162.
[9] Baggett v. Schwegmann Giant Super Markets, 99-421(La.App. 5th Cir. 11/10/99), 750 So.2d 1027, citing White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97); 699 So.2d 1081.