957 So.2d 804 (2007)
Susan HAYNE
v.
WOODRIDGE CONDOMINIUMS, INC., The Woodridge Condominium Association, Inc. and State Farm Fire and Casualty Company.
No. 06-CA-923.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 2007.
*805 Frank B. Hayne, III, New Orleans, Louisiana, for Plaintiff/Appellant.
Darren A. Patin, David K. Persons, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
WALTER J. ROTHSCHILD, Judge.
Plaintiff, Susan Hayne, appeals the trial court's June 12, 2006 judgment granting the Motion for Summary Judgment filed by defendants, The Woodridge Condominium Association, Inc. ("the Association") and State Farm Fire and Casualty Company ("State Farm"), and dismissing plaintiff's claims against them. For the reasons which follow, we affirm.
FACTS
The Woodridge Condominiums located in Metairie, Louisiana, are comprised of twenty units. On July 30, 1982, plaintiff purchased unit 205 and she remained the owner of this unit until she sold it in November of 2000. Each unit owner is a member of the Woodridge Condominium Association, Inc., which is governed by written declarations and by-laws. In accordance *806 with the declaration, by-laws, and state law, the Association purchased a "Condominium/Association" insurance policy from State Farm. The policy relevant to this litigation was in effect from January 5, 1999 through January 5, 2000. On or about February 24, 1999, a fire occurred at the Woodridge Condominiums and completely destroyed each and every unit in the building containing plaintiff's unit. According to defendants, the condominiums were restored to tenantable condition on or about October 1, 2000.
On January 4, 2001, Ms. Hayne filed suit against defendants, asserting that: 1) she was improperly assessed condominium fees and assessments, because representatives of Woodridge had informed her that condominium fees and assessments would be suspended during the time that occupancy was not possible due to rebuilding and repair; 2) that, as an insured under the State Farm policy, she was entitled to reimbursement for her loss of rental income during the time that her unit was uninhabitable; 3) that defendants failed to complete restoration of the condominium building and units in a reasonably prompt manner; and 4) that she is entitled to penalties, attorney fees, and emotional distress damages caused by the defendants' conduct.[1] Defendants answered the suit and asserted several affirmative defenses, including that plaintiff was not individually insured under the State Farm policy.
On August 1, 2005, the Association and State Farm filed a Motion for Summary Judgment, seeking dismissal of plaintiff's claims against them. In their motion, defendants asserted that the "Condominium/Association" insurance policy in effect at the time of the fire only provided property and liability insurance coverage to the named insured, The Woodridge Condominium Association, Inc. They argued that the insurance policy did not provide personal coverage to the individual owners, such as Ms. Hayne, and that any personal property owned by the unit owners had to be insured separately. They further contended that plaintiff had no factual support for her claim that the condominium fees and assessments were to be suspended during the time the property was uninhabitable or that these fees were waived. Finally, they asserted that the condominiums were rebuilt and restored in a reasonably timely manner, and they provided an affidavit from James Salvant, a general contractor, in support of their position. Plaintiff filed an opposition to defendants' Motion for Summary Judgment on March 27, 2006.
The Motion for Summary Judgment came for hearing on May 23, 2006.[2] Counsel for defendants appeared at the hearing, but there was no appearance on behalf of plaintiff. At the hearing, the trial judge opined that he did not believe any argument was necessary and, based on the pleadings alone, he granted the Motion for Summary Judgment filed by defendants and dismissed plaintiff's claims against them. A judgment reflecting this ruling was signed by the trial judge on June 12, 2006. It is from this decision that plaintiff appeals.
*807 DISCUSSION
It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Nuccio v. Robert, 99-1327 (La.App. 5th Cir.04/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544. A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Summary judgment procedure is favored, and shall be construed, as it was intended, to secure the just, speedy, and inexpensive determination of every action. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191, 195; LSA-C.C.P. art. 966(A)(2).
The party bringing the summary judgment motion bears the burden of proof. LSA-C.C.P. art. 966(C)(2). However, if the mover will not bear the burden of proof at trial, the mover's burden on the motion for summary judgment does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. Id.; Cage v. Road Dist. No. One of Jefferson Parish, 04-1470 (La.App. 5 Cir. 5/31/05), 904 So.2d 863, 865. Then, the burden shifts to the adverse party to produce factual support sufficient to show that she will be able to meet her evidentiary burden of proof at trial. LSA-C.C.P. art. 966(C)(2). The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Id.
On appeal, plaintiff asserts several arguments in support of her position that the trial court erred in granting defendants' Motion for Summary Judgment. In her first assignment of error, plaintiff asserts that the trial judge's decision was erroneous because it was "based on an unverified, uncertified and incomplete copy of the insurance policy at issue." She argues that the copy of the policy submitted in support of defendants' motion failed to include portions that might include coverage provisions applicable to plaintiff. In response, defendants state that the insurance policy attached to their Motion for Summary Judgment was accurate and was a genuine copy of the insurance policy issued to the Association by State Farm. They further assert that a certified copy of the policy was available at the hearing on the motion, and that there is nothing in the record to call the authenticity of the policy into question.
On a motion for summary judgment, a trial judge may consider uncertified insurance policies that are filed into the record as competent evidence, where nothing in the record calls the authenticity of the policy into question. Grelle v. Youngblood, 96-2210 (La.App. 4 Cir. 3/26/97), 691 So.2d 279, 282, writ denied, 97-1287 (La.9/5/97), 700 So.2d 510; Adams v. Arceneaux, 00-1440 (La.App. 1 Cir. 6/22/01), 809 So.2d 190, 195.
In the present case, plaintiff has not provided any evidence that the copy of the policy attached to defendants' motion is inaccurate, altered, or unreliable. Further, she does not specify what policy provisions, if any, are missing from the copy of the policy or how they would be pertinent to her case. Rather, she offers mere speculation that something pertinent may be missing. Further, although the record does not indicate what discovery has taken place in this litigation, this case has been *808 pending for several years and there is no evidence to suggest that plaintiff was unable to obtain a certified copy of the policy at issue.
Our de novo review of the Motion for Summary Judgment, the attached insurance policy, and the entire record, does not reveal any evidence or other reason to doubt the authenticity of the copy of the insurance policy attached to defendants' motion. Plaintiff cannot prevail on this issue by asserting mere speculation that something pertinent to her case could have been excluded from the copy of the insurance policy submitted in support of defendants' motion. Accordingly, we find that the trial court did not err in considering the copy of the insurance policy submitted by defendants, and this assignment of error is without merit.
In her second assignment of error, plaintiff contends that summary judgment should not have been granted in favor of defendants because Mr. Salvant was an unqualified witness to opine in areas in which he has no training, experience, or expertise. In her third assignment of error, plaintiff argues that summary judgment was improper in this case because it failed to recognize or give effect to LSA-R.S. 9:1123.112 G of the Louisiana Condominium Act, which requires that a condominium be promptly repaired and replaced by its association. These assignments are related and will be addressed together.
In plaintiff's petition, she alleges that defendants did not restore or rebuild the condominium units in a reasonably prompt and timely manner, in violation of LSA-R.S. 9:1123.112 G, which provides in pertinent part:
Any portion of the condominium damaged or destroyed shall be repaired or replaced promptly by the association . . .
In support of their Motion for Summary Judgment, defendants provided an affidavit from James Salvant, who is a general contractor and owner of Pro Builders and Restoration of LA, L.L.C., as well as his resume. Defendants contend that he is an expert in building construction and restoration. In his affidavit, Mr. Salvant set forth a timeline of many of the steps taken to rebuild and restore the Woodridge Condominiums. Mr. Salvant opined that, based on his experience, the Association and State Farm handled the fire loss, repair, and replacement of the property in a professional and timely manner.
In opposition to the defendants' motion and on appeal, plaintiff contends that Mr. Salvant is a "simple contractor" and that the opinions in his affidavit are outside his expertise and without foundation. She further asserts that since Mr. Salvant's affidavit should not have been considered, the evidence in support of defendants' motion did not show that the requirements of LSA-R.S. 9:1123.112 G were met. Defendants respond that Mr. Salvant is indeed an expert in building construction and restoration, and that neither his expertise nor his qualifications were ever properly challenged by plaintiff via a Daubert motion, deposition, or competing expert opinion.
In Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226, 235, the Louisiana Supreme Court held that expert opinion testimony in the form of an affidavit or deposition can be considered on a motion for summary judgment, and stated as follows:
Although it is true that an expert is subject to cross-examination at a deposition, affidavits are subject to challenge as well, by way of a Daubert hearing, a motion to strike, or counter affidavits. Further, it is impractical for a party to be required to depose his or her own *809 expert in order for that expert's opinion to be admissible at the summary judgment stage.
If the movant for summary judgment produces convincing proof by affidavits or other evidence of facts upon which the motion is based, and no counter-affidavits or other proof are offered by the opposing party to contradict that evidence, the conclusion may be justified that there is no genuine issue as to the facts so proved. Vanderbrook v. Coachmen Industries, Inc., 01-0809 (La.App. 1 Cir. 5/10/02), 818 So.2d 906, 910.
In the present case, defendants submitted an affidavit from their expert, Mr. Salvant, to show that defendants restored and rebuilt the condominiums in a reasonably prompt and timely manner, as required by LSA-R.S. 9:1123.112 G. They provided his resume as well, which shows that Mr. Salvant has been involved in the construction industry for several years and has experience in insurance restoration and remodeling of residential condominiums and in analyzing insurance claims. Courts may permit affidavits to be opposed by depositions, answers to interrogatories or further affidavits. LSA-C.C.P. art. 967(A). However, at no time did plaintiff properly challenge Mr. Salvant's qualifications or submit an affidavit from a countervailing expert indicating that defendants' actions were not reasonably prompt and timely.
Claiming that an expert is not qualified without any facts or competing expert opinion is insufficient to withstand summary judgment. Further, we note an absence of factual or evidentiary support for plaintiff's position that defendants violated LSA-R.S. 9:1123.112 G by failing to restore the condominium property in a prompt and timely manner. Accordingly, based on our de novo review, we find that plaintiff's second and third assignments of error are without merit.
In her fourth and final assignment of error, plaintiff asserts that the trial court's ruling failed to recognize that plaintiff, as a unit owner and member of the Association, has a claim against the owners, manager, and insurer of the condominium complex arising from an alleged failure of management of the common elements, which constitutes an insured risk. She further asserts that she was an "insured" under the provisions of the insurance policy issued to the Association by State Farm and thus, she is entitled to the coverage sought in her petition. We disagree.
LSA-R.S. 9:1123.112(A)(1) provides that a condominium association must maintain property insurance on the common elements and units, exclusive of improvements installed in units by unit owners. LSA-R.S. 9:1123.112(C)(1) provides that each unit owner is an insured under the association's policy with respect to liability arising out of his ownership of an individual interest in the common elements or membership in the association. (Emphasis added.)
An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation set forth in the Louisiana Civil Code. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. Language in an insurance policy which is clear, expresses the intent of the parties and does not violate a statute or public policy, must be enforced as written. LSA-C.C. arts. 2045-2057. If the insurance policy is susceptible to two or more reasonable interpretations, then it is considered ambiguous and must be liberally interpreted in favor of coverage. Newby v. Jefferson Parish School Bd., 99-98 *810 (La.App. 5th Cir.6/1/99), 738 So.2d 93, 96.
The State Farm policy at issue in this case provides that the Association is the only named insured under the policy. The insurance policy provides coverage for the replacement costs of the common elements and the condominium units, which benefits each owner as a member of the Association. However, the policy does not indicate that unit owners are entitled to individual coverage for their personal losses, such as rental income. In fact, the policy specifically excludes from coverage the personal property and/or business property of the individual owners. The policy is clear and unambiguous in this regard, and it must be enforced as written. Further, the Association's declaration provides that each unit owner is responsible for obtaining insurance for the contents of his/her own unit.
Under the clear terms of the State Farm policy issued to the Association, replacement of plaintiff's condominium unit is covered. However, there is no provision in the policy indicating that there is coverage for her personal or business property, including loss of rental income or other damages sought by plaintiff. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Vintage Contracting, L.L.C. v. Dixie Bldg. Material Co., Inc., 03-422 (La.App. 5 Cir. 9/16/03), 858 So.2d 22, 25. The clear wording of the policy does not reveal any reasonable interpretation under which the coverage plaintiff seeks could be afforded.
Our de novo review of the matter before us reveals that there is no genuine issue of material fact and that defendants are entitled to judgment as a matter of law. Defendants have shown an absence of factual support for plaintiff's claims against them, and plaintiff has not produced sufficient evidence to show that she will be able to meet her evidentiary burden at trial. Accordingly, the trial judge was correct when he granted summary judgment in favor of defendants and dismissed plaintiff's claims against them. Thus, we affirm the judgment of the trial court.
DECREE
For the reasons set forth above, we affirm the judgment of the trial court granting defendants' Motion for Summary Judgment and dismissing plaintiff's claims against them. All costs of this appeal are to be paid by plaintiff.
AFFIRMED.
NOTES
[1] Plaintiff originally filed suit in Civil District Court for the Parish of Orleans. However, on May 13, 2002, the trial court granted an Exception of Improper Venue filed by the defendants. Thereafter, the case was transferred to the 24th Judicial District Court for the Parish of Jefferson via a judgment dated May 13, 2003.
[2] The Motion for Summary Judgment was originally set for hearing on September 20, 2005, but it was continued due to Hurricane Katrina. Subsequently, the motion was set for March 13, 2006 and then March 28, 2006, but it was continued on both occasions at plaintiff's request.