980 So.2d 11 (2008)
Doretha COVINGTON
v.
LOUISIANA TRANSIT COMPANY, INC.
No. 07-CA-827.
Court of Appeal of Louisiana, Fifth Circuit.
February 6, 2008.
Edwin A. Stoutz, Jr., Attorney at Law, New Orleans, LA, for Plaintiff/Appellant.
*13 Howard L. Murphy John B. Esnard, III, Attorneys at Law, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
Plaintiff, Doretha Covington, appeals from the summary judgment granted in favor of Defendant, Louisiana Transit Company, Inc., dismissing her case with prejudice. For the reasons which follow, we affirm.
On March 6, 2002, between 10:00 and 11:00 a.m., Plaintiff boarded a bus at the intersection of Jefferson Highway and Little Farms Avenue, in Harahan, Louisiana. The bus was driven by Reginell Baker, an employee of the Defendant. In the petition, Plaintiff alleges that upon boarding the bus and paying her fare, the bus proceeded before she took a seat. She further alleges that the bus suddenly and without warning engaged in a breaking maneuver, causing the Plaintiff to be thrown backward onto the floor of the bus. She sustained injuries as a result of her fall.
Defendant answered denying Plaintiff's allegations and asserting that any injuries Plaintiff may have suffered were caused by her own fault or lack of due care. Following discovery, Defendant filed a Motion for Summary Judgment. Defendant cited Plaintiff's deposition noting that Plaintiff stated she had ridden the bus many times and was aware that the bus would move forward before she took a seat. On this occasion, Plaintiff stated that she was mid-way down the aisle when the bus began to move forward. She stated that the bus was equipped with metal handrails on top of the seats, but she did not recall if she used them. Defendant also cited and relied on the affidavit of the bus driver, Reginell Baker, wherein she stated that she stopped at the Little Farms Avenue stop, Plaintiff boarded and paid the fare, and as the bus started to proceed forward, a vehicle suddenly entered the right eastbound lane of Jefferson Highway from a side street, directly in front of the bus, forcing her to apply her brakes to avoid a collision. She stated that the bus had the right of way. She also stated that she believed that had she not taken immediate action to stop the bus, upon seeing the vehicle enter the roadway, the bus would have collided with the vehicle. Based on this testimony, Defendant argued that Plaintiff failed to establish that it had breached a legal duty owed to the Plaintiff.
In opposition to the motion for summary judgment, Plaintiff argued that causation remained at issue and summary judgment should be denied. Plaintiff argued that only the affidavit of the bus driver supports Defendant's argument that it breached no duty owed to Plaintiff. Plaintiff contended that it has yet to be established whether the bus driver's actions were unavoidable under the circumstances. Plaintiff filed an affidavit in support of her opposition stating that as she boarded the bus she did not see a vehicle at the Little Farms intersection. Further, she stated she had a book bag in one hand and a purse in the other and was unable to prevent her fall because of the items in her hands.
Following a hearing on the motion, judgment was rendered by the trial court, on February 26, 2007, granting the motion for summary judgment and dismissing Plaintiff's claims against the Defendant with prejudice. It is from this judgment that Plaintiff appeals.
On appeal, Plaintiff argues that material issues of fact precluded summary judgment and that the trial court erred in *14 resolving the fact issues to render the judgment.
It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750; Hayne v. Woodridge Condominiums, Inc., 06-923, p. 4 (La.App. 5 Cir. 4/11/07), 957 So.2d 804, 807; Nuccio v. Robert, 99-1327, p. 6 (La. App. 5 Cir. 04/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544. Thus, this court must consider whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Magnon v. Collins, 98-2822, p. 6 (La.7/7/99), 739 So.2d 191, 195; Smith, 93-2512 at 26, 639 So.2d at 750. Moreover, the summary judgment procedure is favored, and shall be construed, as it was intended, to secure the just, speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2); Magnon, 98-2822 at 6, 739 So.2d at 195.
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Hayne v. Woodridge Condominiums, Inc., 06-923 at 5, 957 So.2d at 807. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2); Id.
Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Racine v. Moon's Towing, 01-2837, p. 6 (La.5/14/02), 817 So.2d 21; Foster v. Consolidated Employment Systems, Inc., 98-948, p. 3 (La.App. 5 Cir. 1/26/99), 726 So.2d 494, 495.
It has long been held that common carriers are not the insurers of the safety of all passengers for all events that may occur. Willis v. Regional Transit Authority, 95-2350, p. 3 (La.App. 4 Cir. 3/27/96), 672 So.2d 1013. Unless there is something about the appearance of a passenger, which should make it apparent that the passenger is old or infirm, or otherwise physically incapacitated, or is unusually encumbered with bundles, it is not negligence for those in charge of a public carrier to cause it to start before the passenger has obtained a seat. Holmes v. New Orleans Public Service, Inc., 342 So.2d 1247 (La.App. 4 Cir.1977); Miller v. New Orleans Public Service, Inc., 196 So. 86, 87 (La.App.Orleans 1940). Further, a public carrier is not an insurer against the negligent acts of a third party and their disregard for the law. Carter v. New Orleans Public Service, Inc., 305 So.2d 481 (La.1974). The doctrine of sudden emergency has been applied to carriers of passengers for hire. Id. at 485.
Applying these precepts to the case before us, we find no material facts at issue and find that the Defendant was entitled to judgment as a matter of law. The only evidence submitted on the issue of causation was in the affidavit of the bus driver. She stated unequivocally that as the bus started to proceed forward after *15 picking up the Plaintiff, a vehicle, without the right of way, suddenly pulled out from a side street in front of the bus. She further stated that she had to apply the brakes on the bus to avoid the collision and had she not taken that immediate action a collision would have occurred. Thus, it is not disputed that the bus driver was confronted with a sudden emergency and acted as a reasonably prudent person under the circumstances. Under the sudden emergency doctrine, applicable to public carriers, when the carrier is confronted with a sudden emergency arising from no fault or negligence of its own, the carrier will not be held liable for damages that follow. However unfortunate for the Plaintiff, it is simply not actionable negligence to bring a bus to a sudden stop in an emergency not created by the driver, especially where a serious accident could have been caused if the bus had not stopped in that manner.
Upon the Defendant establishing an absence of factual support for an element essential to the Plaintiff's claim, namely causation, it was incumbent upon the Plaintiff to produce evidence of a material factual dispute. The Plaintiff argues that there are material facts in dispute regarding whether she was so encumbered with luggage or packages that it should have been obvious to the bus driver that she would have difficulty in maintaining or regaining her balance. We disagree.
Following her deposition, in an affidavit attached to the opposition to the summary judgment, the Plaintiff states that she was carrying a book bag and a purse when she boarded the bus. She states that this prevented her from grabbing the handrails in the bus. There is no showing that these items were so exceptionally large or cumbersome that the sight of them should have put the driver on notice that the Plaintiff would have difficulty. Further, we noted above that the Plaintiff's fall was caused by the sudden emergency presented when a vehicle, lacking the right of way, unexpectedly pulled out in front of the bus, forcing the bus driver to apply the brakes to avoid the accident. Plaintiff stated that while she was walking toward the back of the bus, she fell backwards, toward the front of the bus.
Accordingly, finding no material facts at issue and that the Defendant was entitled to summary judgment as a matter of law, we affirm the trial court judgment granting summary judgment in favor of the Louisiana Transit Company, Inc., and dismissing Plaintiff's case with prejudice.
AFFIRMED.