983 So.2d 114 (2008)
Bertile MACK
v.
SHONEY'S INCORPORATED a/k/a Shoney's L.L.C.
No. 07-CA-922.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
Marc L. Frischhertz, New Orleans, LA, for Plaintiff/Appellant.
Paula M. Wellons, Gina T. Cursain, Ralph T. Rabalais, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges SUSAN M. CHEHARDY, FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
Plaintiff, Bertile Mack, appeals from the summary judgment granted in favor of Defendant, Shoney's Incorporated A/K/A Shoney's L.L.C., in her action to recover for injuries she sustained when she fell in *115 the restaurant. For the reasons which follow, we affirm.
On December 21, 2003, Plaintiff, accompanied by her son, Trevor Mack, went to Shoney's Restaurant for breakfast. While being escorted to a table, they walked near the food service island. When the floor changed from carpet to tile, Plaintiff's right foot slid forward on the tile causing her to fall to the floor. Plaintiff filed suit against Defendant on December 2, 2004. Plaintiff and her son stated in deposition that they did not see any liquid or other foreign substance on the floor where Plaintiff fell. However, Plaintiff also stated that her pants were wet around the knee area after the fall.
Following discovery, Defendant filed a Motion for Summary Judgment on January 16, 2007, and a memorandum in support of the motion with attached exhibits. Defendant argued that because there was an absence of factual support for one or more elements essential to the Plaintiff's claim, Defendant was entitled to summary judgment. More specifically, Defendant argued that, as required by La. R.S. 9:2800.6, Plaintiff could not meet her burden of proving that the Defendant either created or had actual knowledge of the condition that caused her fall, or that it existed for such a period of time that it would have been discovered if the Defendant had exercised reasonable care. Through an affidavit of the floor manager, Defendant established that the procedures in place included immediately placing a wet floor sign on any wet areas, mopping them, and drying them before removing the sign. Therefore, Defendant argued, based on the evidence produced, and assuming that there was a liquid substance on the floor at the time of Plaintiff's fall, Plaintiff cannot meet her burden of proof and Defendant is entitled to summary judgment as a matter of law.
Plaintiff opposed the motion arguing that it has established that Defendant caused the substance to be on the floor. Plaintiff contends that she and her son saw nothing on the floor before the fall, the floor felt damp generally, and her pants were wet after the fall. She suggests that this proves that the substance was not there from a spill and that the damp condition could only have been caused by mopping or condensation from food service devices. Plaintiff also alleged that there was no wet floor sign or other warning.
Following a hearing, the trial court indicated it was inclined to grant the summary judgment but would keep the record open, allowing Plaintiff three additional months to gather and submit some evidence that the condition of the floor at the time of the fall was either created by Defendant or that Defendant had actual or constructive knowledge of the condition. However, Plaintiff did not come forward with any additional support for her opposition to the motion for summary judgment. When no further evidence was submitted by Plaintiff in the three month period, the trial court granted summary judgment in favor of Defendant. It is from this judgment that Plaintiff appeals.
It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750; Hayne v. Woodridge Condominiums, Inc., 06-923, p. 4 (La.App. 5 Cir. 4/11/07), 957 So.2d 804, 807; Nuccio v. Robert, 99-1327, p. 6 (La. App 5 Cir. 04/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544. Thus, this court must consider whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Magnon *116 v. Collins, 98-2822, p. 6 (La.7/7/99), 739 So.2d 191, 195; Smith, 93-2512 at 26, 639 So.2d at 750. Moreover, the summary judgment procedure is favored, and shall be construed, as it was intended, to secure the just, speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2); Magnon, 98-2822 at 6, 739 So.2d at 195.
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Hayne v. Woodridge Condominiums, Inc., 06-923 at 5, 957 So.2d at 807. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2); Id.
Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Racine v. Moon's Towing, 01-2837, p. 6 (La.5/14/02), 817 So.2d 21; Foster v. Consolidated Employment Systems, Inc., 98-948, p. 3 (La.App. 5 Cir. 1/26/99), 726 So.2d 494, 495.
La. R.S. 9:2800.6, providing the burden of proof in claims against merchants, states in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
On appeal, Plaintiff contends that she has presented evidence sufficient to establish a material factual dispute. We disagree.
La. R.S. 9:2800.6(B) clearly and unambiguously requires the claimant to prove *117 each of its three subsections with no shifting of the burden. White v. Wal-Mart Stores, Inc., 97-0393, p. 5 (La.9/9/97), 699 So.2d 1081, 1085. Thus, the claimant must prove that the merchant created the condition that caused the accident or had actual or constructive notice of the condition. In order to prove constructive notice, the statute requires that the claimant prove that the condition existed for some period of time prior to the occurrence. Id. Assuming that the floor where the Plaintiff slipped was wet, there remains an absence of factual support for her allegation that Defendant created that condition or had actual or constructive knowledge of it.
Therefore, we find, as did the trial court, that Defendant, as movant for summary judgment, established a lack of factual support for an essential element of Plaintiff's claim. Thereafter, Plaintiff failed to establish that she would be able to satisfy her evidentiary burden of proof at trial. Thus, summary judgment was properly granted in favor of Defendant.
Accordingly, for the reasons stated above, we find that summary judgment was properly granted by the trial court and affirm the judgment.
AFFIRMED.