GREG G. GUIDRY, Judge.
 

 12Plaintiff, Cynthia Robertson, filed this appeal from a partial summary judgment granted in favor of the Defendant, Frank’s Super Value Foods, Inc., on her claim for damages caused by Frank’s interference with her civil action against it. For the reasons which follow, we reverse and remand.
 

 The record indicates Plaintiff was shopping in Frank’s store, on July 5, 2004, with her daughter, Raneka Robertson, and her grandson, Jarred Morton. After paying for her groceries and realizing that she forgot to buy ice cream, Plaintiff walked back from the register into the grocery area. As she walked toward the freezer area, she contends she slipped and fell, injuring her knees and back. Plaintiff asserts that she slipped and fell on a liquid substance that was on the floor. Frank’s had video cameras in the store that recorded the events prior to, during, and after the fall.
 

 Plaintiff filed her suit for damages from the slip and fall five months later, on December 2, 2004. After answering, on November 18, 2005, Frank’s filed a | smotion for summary judgment, arguing that Plaintiff could not prove her claim under La. R.S. 9:2800.6,
 
 [1]
 
 the statute providing
 
 *671
 
 the burden of proof for claims against merchants. In opposition to the motion, Plaintiff argued that Frank’s is guilty of impeding her slip and fall action by, among other things, destroying critical evidence and should not be allowed to advantage itself through its own misdeeds. Plaintiff contends that the best evidence of whether there was a liquid substance on the floor where she fell, as well as how and when it got there, was a video taken by Frank’s which Frank’s intentionally destroyed, while saving the part of the video that benefited the store. The destruction of evidence that would have benefited a plaintiffs claim is often referred to as spoliation of evidence.
 

 On June 2, 2006, the trial court denied the motion for summary judgment upon finding that the spoliation issue created a genuine issue of material fact. This Court denied writs on June 30th, 2006.
 
 Robertson v. Frank’s Super Value Foods, Inc.,
 
 06-436 (La.App. 5 Cir. 6/30/06).
 

 |4FoIlowing remand of the case, on July 24, 2006, Frank’s filed a Motion for Reconsideration of Motion for Summary Judgment. This motion was denied by the trial court and writs were again denied by this Court.
 
 Robertson v. Frank’s Super Value Foods, Inc.,
 
 06-861 (La.App. 5 Cir. 12/11/06). The concurring opinion to the writ denial noted that the spoliation issue could only be decided after making credibility determinations, since the affidavits contradict each other as well as deposition testimony, and credibility determinations are not properly made on a motion for summary judgment.
 

 While Frank’s writ application was pending in the appellate court, on September 25, 2006, Plaintiff filed an Amended and Supplemental Petition for Damages adding a cause of action for damages suffered because of Frank’s actions in impeding her case by, among other assertions, destroying evidence favorable to the Plaintiff while retaining evidence in its favor.
 

 Frank’s answered the amended petition and on November 13, 2007, filed a Motion for Partial Summary Judgment concerning Plaintiffs spoliation of evidence claim. Frank’s argued that Plaintiff was unable to prove the essential elements of that claim because she could not prove that Frank’s intentionally destroyed the evidence to impede the prosecution of her claim nor that Frank’s knew Plaintiff was going to file a lawsuit at the time the alleged evidence was destroyed.
 

 Plaintiff opposed the defense motion for partial summary judgment. Plaintiff argued that all of the evidence indicates that Frank’s destruction of only part of the video, the part favorable to Plaintiff showing the condition of the floor before the fall, was intentional and for the purpose of impeding a claim by Plaintiff. Plaintiff points out that Frank’s was the sole custodian of the video and made the decision regarding what parts of the video to save
 
 *672
 
 or destroy. Within | .-.hours of the fall, Frank’s had an employee view the video and save the part showing the fall and events thereafter while allowing the part showing the condition of the floor before the fall to be destroyed. Plaintiff submits that the act of saving some of the video while allowing other parts to be destroyed evidences an awareness on the part of Frank’s that a claim for damages resulting from the accident might be made. Thus, they have met the burden to defeat the partial summary judgment.
 

 In the alternative, it is argued that even if the evidence presented doesn’t conclusively prove the defense motive for destroying the video, it does create genuine issues of fact which preclude summary judgment.
 

 The trial court granted the partial summary judgment on the spoliation issue and certified it as final for appeal. It is from this judgment that Plaintiff appeals.
 
 [2]
 

 It is well settled that appellate courts review summary judgments
 
 de novo
 
 using the same criteria applied by the trial courts to determine whether summary judgment is appropriate.
 
 Smith v. Our Lady of the Lake Hosp.,
 
 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750;
 
 Hayne v. Woodridge Condominiums, Inc.,
 
 06-923, p. 4 (La.App. 5 Cir. 4/11/07), 957 So.2d 804, 807;
 
 Nuccio v. Robert,
 
 99-1327, p. 6 (La.App. 5 Cir. 04/25/00), 761 So.2d 84, 87,
 
 writ denied,
 
 00-1453 (La.6/30/00), 766 So.2d 544. Thus, this court must consider whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
 
 Magnon v. Collins,
 
 98-2822, p. 6 (La.7/7/99), 739 So.2d 191, 195;
 
 Smith,
 
 93-2512 at 26, 639 So.2d at 750. The summary judgment procedure is favored, and shall be construed, as it was intended, to secure the just, speedy, and ^inexpensive determination of many actions. La. C.C.P. art. 966(A)(2);
 
 Magnon,
 
 98-2822 at 6, 739 So.2d at 195.
 

 The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.
 
 Hayne v. Woodridge Condominiums, Inc.,
 
 06-923 at 5, 957 So.2d at 807. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiai-y burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2);
 
 Id.
 

 At the outset, it should be noted that Plaintiffs amended petition asserts more than a claim for spoliation of evidence. Plaintiff’s amended petition is much broader, alleging that her right to assert and prove a claim for damages against Frank’s for injuries she suffered as a result of a fall in Frank’s store has been impaired by Frank’s actions. Our courts have recog
 
 *673
 
 nized a cause of action for the tort of impairment of a civil claim.
 
 Daotheuang v. El Paso Production Oil & Gas Co.,
 
 06-403 (La.App. 3 Cir. 9/27/06), 940 So.2d 752;
 
 Guillony v. Dillard’s Dept. Store, Inc.,
 
 00-190 (La.App. 3 Cir. 10/11/00), 777 So.2d 1;
 
 Williams v. General Motors Corp.,
 
 607 So.2d 695 (La.App. 4 Cir.1992). See also
 
 Morgan v. ABC Manufacturer,
 
 93-701 (La.App. 5 Cir. 3/16/94), 637 So.2d 1076. Included among the numerous delictual actions alleged by Plaintiff in the assertion of her impairment of action claim was the fact that Frank’s had destroyed evidence that would have supported her original cause of action, commonly referred to as spoliation of evidence. Frank’s motion for partial summary judgment only |7addressed the spoliation issue and, therefore, that is all that will be considered on appeal.
 

 The theory of spoliation of evidence has its roots in the evidentiary doctrine of “adverse presumption,” which allows a jury instruction for the presumption that the destroyed evidence contained information detrimental to the party who destroyed the evidence unless such destruction is adequately explained.
 
 Pham v. Contico Intern. Inc:,
 
 99-945, p. 4 (La.App. 5 Cir. 3/22/00), 759 So.2d 880, 882;
 
 Quinn v. RISO Investments, Inc.,
 
 03-0903, p. 5 (La.App. 4 Cir. 3/3/04), 869 So.2d 922, 927;
 
 Desselle v. Jefferson Hosp. Dist. No. 2,
 
 04-455, p. 16 (La.App. 5 Cir. 10/12/04), 887 So.2d 524, 534. Although the adverse presumption rule is still viable, more recently, as in this case, litigants have asserted a claim for damages in tort against a person who allegedly destroys or conceals evidence material to a potential or pending lawsuit. The question that the courts have been grappling with is under what circumstances that person will be held liable. Our Supreme Court has yet to speak on this issue.
 

 In granting the partial summary judgment on the spoliation of evidence claim, the trial court relied, primarily, on this Court’s decision in
 
 Longwell v. Jefferson Parish Hosp. Service Dist. No. 1,
 
 07-259 (La.App. 5 Cir. 10/16/07), 970 So.2d 1100,
 
 twits denied,
 
 07-2223 (La.1/25/08), 973 So.2d 756. In doing so, the trial court focused on the part of the opinion that discussed the theory of spoliation of evidence as an intentional act requiring a showing that the defendant had notice that Plaintiff would file suit before a duty to preserve the evidence could be found.
 

 However,
 
 Longwell
 
 also acknowledged that our jurisprudence has recognized two causes of action for spoliation of evidence, one being intentional and the other under a negligence theory. A cause of action for spoliation has been recognized where the defendant had an obligation to preserve the evidence.
 
 Carter,
 
 ┴8 et
 
 al. v. Exide Corp.,
 
 et al., 27,358 (La.App. 2 Cir. 9/29/95), 661 So.2d 698. In Louisiana, negligence claims are resolved by employing duty — risk analysis.
 
 Perkins v. Entergy Corp.,
 
 00-1372 (La.3/23/01), 782 So.2d 606;
 
 Longwell,
 
 07-259 at 9, 970 So.2d at 1105.
 

 It has been held that a duty to preserve evidence can exist without the imposition of a statutory duty.
 
 Bethea v. Modern Biomedical Services, Inc.,
 
 97-332 (La.App. 3 Cir. 11/19/97), 704 So.2d 1227,
 
 writs denied,
 
 97-3169, 709 So.2d 760, 97-3170, 709 So.2d 761 (La.2/13/98). In
 
 Bethea,
 
 the plaintiff, an on duty nurse injured by electrical shock while plugging in a piece of medical equipment, filed suit not only for her injuries from the shock she suffered, but also for impairment of a civil action as well as for negligent and intentional spoliation of evidence. It seems that the defendant’s technician/employee examined the plug from the equipment, and disposed of it. In considering the defendant’s exception of no cause of action on the latter
 
 *674
 
 claims, the court examined the issue under La. C.C. art. 2315 and it dictates that ‘ “[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” ’ In finding that the plaintiff did state a cause of action for negligent and/or intentional spoliation of evidence in the absence of a statutory duty, the court recognized that each individual is accountable for his or her actions as they affect fellow members of society. Thus, although the claims may be separate, both causes of action, (impairment of a civil action and spoliation of evidence) are premised on the right of a plaintiff to be free from interference in pursuing and/or proving his or her lawsuit.
 
 Guillory v. Dillard’s Dept. Store, Inc.,
 
 00-190, p. 5 (La.App. 3 Cir. 10/11/00), 777 So.2d 3, 4.
 

 In applying these precepts to this case, we find material issues of fact precluding summary judgment at this time. The trial court acknowledged that Frank’s actions in selectively preserving and destroying videotape of events before, [ ^during and after the accident call into question its motives. The trial court noted the following:
 

 Frank’s ... is a party of some sophistication. In other words, it is a business, an incorporated legal entity, insured for such events as occurred herein, and having access to the advice of lawyers and/or their insurer. As such, Frank’s is assumed to be aware of the elements of liability and the prescriptive period regarding a slip-and-fall case. For particular reasons not made known to this court, Frank’s has chosen to videotape its premises and has chosen a taping system which saves the videotape for a period of fourteen days, after which it tapes over itself unless specifically preserved. By Frank’s own admission, a portion of the videotape from the day of the accident was preserved while the rest was destroyed or taped over. Although Frank’s had no recognized general duty to preserve the evidence and had no official notice of a lawsuit, Frank’s “selectively” preserved and destroyed evidence within two weeks of the accident, choosing those portions of the videotape it wished to retain, and destroying, or allowing destruction of, other portions of the tape. That portion of the tape preceding the accident which would have sufficed to prove or disprove actual or constructive notice, an element of the claim, was not preserved, while the accident itself was preserved. Such deliberate action gives rise to questions regarding Frank’s procedures and motives.
 

 Even though summary judgment is now favored, it is not a substitute for trial on the merits, and it has been found inappropriate for judicial determination of subjective facts, such as motive, intent, good faith, knowledge or malice that call for credibility evaluations and the weighing of the testimony.
 
 S.J. v. Lafayette Parish School Bd.,
 
 06-2862, p. 5 (La.6/29/07), 959 So.2d 884, 887
 
 (per
 
 curiam);
 
 Chivleatto v. Sportsman’s Cove, Inc.,
 
 05-136, p. 6 (La.App. 5 Cir. 6/28/05), 907 So.2d 815, 819.
 

 As found by the trial court, Frank’s had the videotape in its possession at all times. It was aware that the Plaintiff had slipped and fallen in the store. It instructed an employee to view the tape and allowed the part of the tape preceding | inthe accident to be destroyed while preserving the part including and following the accident which happened to be favorable to Frank’s. Additionally, the trial court found that Frank's took these actions within two weeks of the accident. These facts are not disputed
 

 What is disputed is Frank’s motive or bad faith in allowing the destruction of the tape which could have provided evidence needed by the Plaintiff to prove Frank’s actual or constructive knowledge at the
 
 *675
 
 time of the accident. There are also material issues of fact concerning what Frank’s knew at the time it gave the direction to allow the videotape’s destruction. The facts are disputed by contrary affidavits and depositions as to whether Frank’s was aware that the Plaintiff claimed that she had fallen on a liquid substance on the floor. The knowledge of Frank’s on this point could effect a determination as to whether it breached any duty it owed the Plaintiff to not interfere with the Plaintiffs right to pursue and/or prove her claim.
 
 [3]
 
 Additionally, as stated above, Plaintiffs supplemental petition includes the spoliation of evidence allegations as only one fact in the cause of action asserted by Plaintiff for interference with her civil suit.
 

 Based on the foregoing, we find the trial court erred in granting a partial summary judgment on the spoliation of evidence claim where there are material issues of fact precluding a finding that Frank’s is entitled to judgment as a matter of law. Further, we find the interest of judicial economy better served by the trial court considering the entirety of the alleged cause of action for interference with a civil action rather than considering each fact supporting it individually.
 

 | nAccordingly, for the reasons stated above, we reverse the summary judgment granted by the trial court and remand the case to the trial court for further proceedings consistent with the views expressed herein.
 

 REVERSED AND REMANDED
 

 [1]
 

 . La. R.S. 9:2800.6 provides:
 

 A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
 

 B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
 

 (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
 

 (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
 

 (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
 

 C.Definitions:
 

 
 *671
 
 (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
 

 (2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.
 

 D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660. 667. 669. 2317. 2322, or 2695.
 

 [2]
 

 . In brief, Frank’s argues that this Court should also review the trial court’s decision to deny its motion for summary judgment on the tort action. However, the record does not indicate that Frank’s either filed a motion for appeal or answered the appeal. In order for the appellate court to modify a judgment, the party asking for the modification must file either a motion for appeal, pursuant to La. C.C.P. art. 2121, or a written Answer to the Appeal, in accordance with La. C.C.P. art. 2133.
 
 Alwell v. Meadowcrest Hospital, Inc.,
 
 07-376, p. 3 (La.App. 5 Cir. 10/30/07), 971 So.2d 411, 416. Thus, this issue has not been properly raised before the Court.
 

 [3]
 

 . It has been held in other jurisdictions that a duty to preserve evidence can arise in the absence of notice of suit if the spoliating party acted to protect itself. The duty to preserve evidence arises from the foreseeability of the need for the evidence and not necessarily from notice of suit. To hold otherwise would encourage a party to avoid liability by destroying evidence as quickly as possible. 101 A.L.R. 5th 61, § 20;
 
 County of Solano v. Delaney,
 
 264 Cal.Rptr. 721 (App. 1st Dist.1989).